Charles K. **HICKEY**, Jr., Plaintiff,

v.

**NCNB TEXAS NATIONAL BANK**, et al., Defendants.

No. CA4–89–485–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

May 15, 1991.

Hector Gonzalez, Houston, Tex., for plaintiff.

Jack N. Ross, II, Haynes & Boone, Dallas, Tex., for defendants NCNB Texas Nat. Bank and Tom Ward.

Joseph Samuel Cohen, Hirsch & Westheimer, Houston, Tex., for defendants FDIC and First RepublicBank Fort Worth, N.A.

## ORDER

McBRYDE, District Judge.

Came on to be heard the motion of Federal Deposit Insurance Corporation as receiver for First RepublicBank Fort Worth, N.A. ("FDIC–Receiver") for reconsideration of the court's April 1, 1991, order striking its intervention.

FDIC–Receiver's motion typifies the bizarre nature of its involvement in this action from the outset. No one has ever made a claim against FDIC–Receiver in this action, yet it voluntarily injected itself "as a party defendant" [1], through a plea in intervention, in the action while it was pending in state court. The intervention was filed ostensibly to enable FDIC–Receiver to defend claims that were *not* being made against it.[2] A review of the file discloses that the only possible explanation for the intervention was to use on behalf of the existing defendants—and, in the court's view, to abuse—the power of removal granted to FDIC–Receiver by Congress by 12 U.S.C. § 1819(b)(2)(B). After the intervention was made, the now to be expected notice of removal was filed by FDIC–Receiver, and the removal was accomplished. The next step in FDIC–Receiver's charade was the filing by it of its original answer to plaintiff's state court pleading, even though there was no semblance in plaintiff's pleading of any claim against FDIC–Receiver.[3]

After removal, NCNB Texas National Bank ("NCNB"), a defendant, filed a counterclaim and third-party complaint by which it sought to recover judgment from plaintiff and a third-party defendant based upon nonpayment of the promissory note that was the source of the controversy that caused the action to be instituted. Thereafter, NCNB filed a motion for partial summary judgment by which it sought summary adjudication as to its counterclaim and third-party claim. The motion was granted by order signed February 5, 1991, and NCNB was given judgment against the plaintiff and third-party defendant for recovery of the amount owed on the promissory note. Then all defendants (NCNB, Tom Ward, and E. Glynn Roberts) filed their motion to dismiss, or, in the alternative, for summary judgment as to all claims and causes of action asserted by plaintiff.

---

1. Plea in Intervention, page 1.

2. *Id.* at 2.

3. The claims made by plaintiff against NCNB and the individual defendants might well, if they had been alleged against FDIC–Receiver, or the failed bank for which it was serving, in a suit to which it, or the failed bank, was a defendant, have been causes of action FDIC–Receiver would vigorously defend. However, common sense is defied to think that in an action such as this a non-defendant would ever have a legitimate reason for voluntarily coming into the action with an invitation to be sued. Perhaps an intervention that sought declaratory relief related to the subject matter of the action could be justified, but not an "here I am, sue me" intervention like FDIC–Receiver's.

By order signed March 22, 1991, the court dismissed all claims of the plaintiff against NCNB and the other defendants, Ward and Roberts. When that dismissal occurred, there were no claims asserted by any party to this action against any other party to this action that had not been disposed of by a ruling of the court. That would have been the end of the litigation had it not been for the conduct of FDIC–Receiver.

However, FDIC–Receiver had filed on March 18, 1991, an instrument entitled "FDIC–Receiver's Motion for Summary Judgment", together with a supporting brief. The prayer of this motion requested that "this Court grant summary judgment as set forth in the attached proposed order." FDIC–Receiver's motion for summary judgment, page 2. The attached proposed order made the proposal that the court order that plaintiff "recover nothing on his claims against FDIC–Receiver." This, notwithstanding the fact that plaintiff never made a claim in any shape, form or fashion against FDIC–Receiver in this action. So that the matter of the "Motion for Summary Judgment" filed by FDIC–Receiver would not be an unresolved matter in this litigation, the court made the April 1, 1991, order by which FDIC–Receiver's intervention was stricken.

■ FDIC–Receiver's motion for reconsideration asks that it be reinstated as an intervenor and that, upon reinstatement, its motion for summary judgment, which it notes is unopposed, be granted and that judgment be entered denying plaintiff any recovery from FDIC–Receiver. This request totally ignores the circumstances that the plaintiff has never asserted any claim against FDIC–Receiver in this action and that the only claims plaintiff has ever asserted against anyone were resolved against plaintiff by the order signed by the court on March 22, 1991. If FDIC–Receiver were to be reinstated in this case as intervenor, it would be left to "shadowbox"

with a non-opponent over a non-existent purse. It would have the peculiar status of sole party to litigation in which no claims are now being made by anyone.

■ The concern expressed by FDIC–Receiver in its motion for reconsideration that the order striking its intervention could give rise to an argument by the plaintiff that the order has the retroactive effect of causing the court to be without jurisdiction to dismiss plaintiff's claims against NCNB and the individual defendants or to grant judgment on NCNB's counterclaim and third-party claim is misplaced.[4] There is no question but that FDIC–Receiver's intervention was proper under Tex.R.Civ.P. 60 when it was made in the state court in the sense that it was a procedurally correct intervention, subject to being stricken by the court. Not having been stricken by the state court, FDIC–Receiver had the right to remove the case to this court, and this action was deemed to have arisen under the laws of the United States. 12 U.S.C. § 1819(b)(2)(A) and (B). So long as FDIC–Receiver was an intervenor in this action, whether or not it should have been, this court had subject matter jurisdiction, with the consequence that there cannot be a legitimate argument that the court did not have jurisdiction to make the adjudications that were made by the orders signed by the court February 5, 1991, and March 22, 1991.

FDIC–Receiver's arguments that its status as intervenor in this case was appropriate are not persuasive. True, it had a procedural right under state law to intervene when it did. Any person or entity had that right, subject to being stricken. But that does not mean that FDIC–Receiver had the standing required for participation in the action as an intervenor. FDIC–Receiver says in its motion that Fed.R.Civ.P. 24(a) governs the intervention. Motion for Reconsideration, page 2. It does not con-

---

**4.** This contention by FDIC–Receiver must have been made "tongue-in-cheek" because, other than to file a two-page answer in December 1989 to NCNB's counterclaim, plaintiff has not lifted a finger to prosecute this action or to defend NCNB's counterclaim since the action

was removed to federal court over two years ago, in March 1989. Plaintiff has been nothing more than a "phantom" adversary to NCNB and the other defendants since this suit was removed to federal court.

tend that a statute of the United States confers on it an unconditional right to intervene, but relies on the second part of Rule 24(a), which provides that intervention is proper:

> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Even if the court were to assume that FDIC–Receiver claims an interest relating to the transactions, by virtue of the fact that it could become liable if the plaintiff were to choose to sue it with respect to the transactions upon which plaintiff sued NCNB, nevertheless FDIC–Receiver did not satisfy the second Rule 24(a)(2) test because nothing in the record of this case would suggest that FDIC–Receiver was so situated when it intervened that the disposition of the claims asserted by plaintiff against NCNB and the individual defendants "may as a practical matter impair or impede [FDIC–Receiver's] ability to protect that interest." Fed.R.Civ.P. 24(a). The fact is, the only way FDIC–Receiver could be adversely affected by this action would be for it to intervene and thereby invite the plaintiff to assert claims against it. This is exactly what FDIC–Receiver did, but plaintiff chose not to accept FDIC–Receiver's invitation to sue it, with the result that its intervention never served a purpose except to enable FDIC–Receiver to remove the action to federal court and to cause there to be federal court jurisdiction so long as it remained a party to the action.[5]

*Pernie Bailey Drilling Co. v. Federal Deposit Insurance Corp.,* 905 F.2d 78 (5th Cir.1990), is not in point because there the suit had been brought against the failed bank, not the bank that had entered into a purchase and assumption agreement with the failed bank, as had NCNB. As the Fifth Circuit noted "[t]he FDIC is a proper

party to this case because it is entitled to defend claims against the closed bank even after assignment of assets to NCNB." 905 F.2d at 80. In the instant case, FDIC–Receiver did not intervene for the purpose of defending claims against the closed bank. The closed bank has never been a party to this action. FDIC did not need to intervene in this case for there to be a defense of the claims against NCNB. NCNB was defending those claims, and has successfully done so.

FDIC–Receiver points out on page 5 of its motion for reconsideration that:

> *No* liability was assumed by the [NCNB] for lender liability types of claims (such as Hickey later assert herein) which are based upon the acts or omissions of the FRB–FW....

There certainly was no need for FDIC–Receiver to intervene in the action in order for NCNB's clear non-liability to plaintiff to be made known. NCNB was perfectly capable of doing that itself, it did make known to the court its non-liability, and the court has ruled in its favor based on its non-liability.

Undoubtedly FDIC–Receiver does have, as it argues on page 6 of its motion, the affirmative duty to defend the failed bank, but there has been no occasion for defense of the failed bank in this action because, as noted before, neither FDIC–Receiver nor the failed bank has ever been a party to the action. And, while it may be true, as FDIC–Receiver maintains on page 6 of its motion, that FDIC–Receiver's interests cannot adequately be represented by NCNB, there has never been an interest of FDIC–Receiver at stake in this action because the only claims and causes of action ever asserted by plaintiff were those against NCNB and the individual defendants. In the final analysis, there was no justification whatsoever for the intervention by FDIC–Receiver in this action unless it is provided by the exercise by FDIC–Receiver on behalf of the assuming bank of

---

5. A byproduct of FDIC–Receiver's conduct has been to cause needless consumption of judicial resources. Another, presumably, has been to

cause the public to incur legal expense for useless and unnecessary legal activities of FDIC–Receiver.

FDIC–Receiver's federal jurisdiction status and removal power. If that was the reason for the intervention, it was an improper one.

The court, therefore, ORDERS that FDIC–Receiver's motion for reconsideration be, and is hereby, denied.