**BANK ONE, TEXAS, NATIONAL ASSOCIATION, Successor in Interest to Bridge Bank, N.A., as Transferee of the Federal Deposit Insurance Corporation, Receiver for MBank, Fort Worth, N.A., Plaintiff,**

v.

**Bill G. ELMS, Defendant.**

**Civ. A. No. 4–91–290–A.**

United States District Court, N.D. Texas, Fort Worth Division.

May 23, 1991.

Thomas Giles Farrier, Haynes & Boone, Fort Worth, Tex., for plaintiff.

Robert Lewis Warren, Decker Jones McMackin McClane, Hall & Bates, Fort Worth, Tex., for intervenor-plaintiff.

Randal Patterson, Hollmann, Lyon, Patterson & Durell, Inc., Odessa, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on to be heard (a) the motion to remand filed by defendant, Bill G. Elms, and (b) the issue, raised *sua sponte* by the court, of the propriety of the intervention of Federal Deposit Insurance Corporation, receiver for MBank Fort Worth, N.A., ("FDIC"), in this action. This action presents another instance of questionable use by Federal Deposit Insurance Corporation, here in its capacity as receiver of a failed bank, of the special removal power granted to it by Congress.[1] 12 U.S.C. § 1819(b)(2)(B).

### Background

The action was instituted in a state court of Texas on December 29, 1989, by Bank One, Texas, ("Bank One"), plaintiff, against Bill G. Elms, ("Elms"), defendant, for recovery of the balance owed on a promissory note.[2] Bank One held the note

---

1. On May 15, 1991, the court was called upon in another action to consider use by Federal Deposit Insurance Corporation of its removal power under highly questionable circumstances, not unlike the circumstances of this action. *See, Hickey v. NCNB Texas National Bank,* 763 F.Supp. 896 (N.D.Tex.1991). In *Hickey,* Federal Deposit Insurance Corporation, in its capacity as receiver for a failed bank, was insisting that it be reinstated in the action as intervenor even

though no claim had been asserted against it or the failed bank and all claims and causes of action asserted by anyone in the action had already been resolved by court rulings.

2. Factual information contained in this opinion about the state court action is derived from the attachments to FDIC's notice of removal and exhibits received at the May 17, 1991, hearing.

through transfer from FDIC pursuant to a March 28, 1989, purchase and assumption agreement between Bank One (when known as "The Deposit Insurance Bridge Bank, National Association") and FDIC. *See* Ex. 1, May 17 hearing. On January 30, 1990, Elms filed a counterclaim against Bank One by which he sought to recover monetary damages based on a cause of action alleged by Elms to have arisen from the conduct of the failed MBank Fort Worth, N.A., and its predecessor. No new parties were named by the counterclaim; the cause of action asserted in the counterclaim was against Bank One, and no one else. In August 1990 Bank One moved for summary judgment as to the entire case. The emphasis in the summary judgment motion was on reasons why Bank One should recover judgment against Elms— scant attention was paid to the reasons why Elms had no right of recovery on his counterclaim against Bank One. By order signed January 25, 1991, the state court judge denied Bank One's motion for summary judgment. On April 22, 1991, FDIC filed its plea in intervention in the state court. The plea in intervention was accompanied by FDIC's "answer" to the allegations contained in Elms' counterclaim. The prayer of the answer was, *inter alia*, that Elms "take nothing by his action and that [FDIC] go hence with its costs without day." FDIC's answer was filed in response to a pleading in which no cause of action of any kind or character was asserted against FDIC or the failed bank.

As apparently has become FDIC's practice in cases of this kind, promptly, two days, following the filing of its plea of intervention in the state court it filed notice of removal. The only jurisdictional predicate of FDIC's removal to this court was the fact of its intervention in the state court action combined with the special right of removal given to FDIC by § 1819(b)(2)(B). Statements made by counsel for FDIC and Bank One during the telephone continuation on May 20, 1991, of the May 17 hearing establish that (i) counsel for Bank One in this action often repre-

sents Federal Deposit Insurance Corporation, in one capacity or another, and frequently have had occasion to assert on its behalf exactly the same contentions FDIC has made, or would be making, in this action, (ii) Bank One is being adequately and competently represented in this action, (iii) FDIC is perfectly satisfied with the quality of legal representation Bank One has in this action, (iv) Bank One has no potential liability to Elms on the counterclaim he has asserted against Bank One in this action because, *inter alia*, Bank One was not in existence at the time of the occurrence of the events about which Elms complains and has never assumed any of the failed bank's liabilities based on claims of the kind made by Elms, (v) there is no reason to think that FDIC can be prejudiced in any respect by the outcome of this litigation, and (vi) there is no reason to think that whatever legal or equitable position FDIC would advance if it were a party to the litigation cannot, or would not, as effectively be advanced in the litigation by Bank One, if there were any reason for it to do so. In sum, (i) there is no reason to think that FDIC, whether or not it is a party to this action, will incur any liability by reason of the outcome of this action and (ii) there is absolutely no justification for the presence of FDIC in this litigation unless the exercise of its special right of removal were to provide it.

*The Motion to Remand*

■ One of the grounds of the motion to remand is that the court lacks subject matter jurisdiction because there is no diversity of citizenship allegation, "federal question jurisdiction cannot be predicated on the federal defense which might be raised," and "[a]n action cannot be removed to federal court based on the removing party's defense." Motion to Remand, pages 1–2. This ground is without merit. Though there is a serious doubt as to the standing of FDIC in this case after it intervened, there is no question that under state law it had the procedural right to intervene and did so in a procedurally correct manner.[3]

---

**3.** Texas law authorizes anyone, without the slightest regard to the legitimacy of his claimed

So long as FDIC's intervention has not been stricken or dismissed, FDIC is a party to the action, with the consequence that the litigation "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). Therefore, subject matter jurisdiction in this case does not depend on diversity of citizenship or a federal defense.

 The other ground of the motion to remand is that FDIC's removal of the action is not timely. This contention is based in part on the fact that the counterclaim in response to which FDIC intervened was filed approximately fifteen months before the notice of removal was filed. Elms contends that, at the very least, the thirty-day time period for removal[4] started to run when FDIC acquired knowledge of the pendency of the counterclaim. Counsel for FDIC has represented to the court, and an official of FDIC testified at the May 17 hearing, that FDIC's first knowledge of the counterclaim was when it received on February 8, 1991, a February 5 letter from Bank One, through one of its associated companies.[5] The notice of removal was filed April 24, 1991, approximately seventy-five days after FDIC learned of the counterclaim that it contends prompted, and justified, its intervention. FDIC maintains that the thirty-day time period for filing notice of removal started to run from the date when it intervened, April 22, 1991. It argues that it has unbridled discretion to determine when the thirty-day time period would start to run by having the absolute right to pick the point in time when it would pluck the case from the state court and put it in federal court by means of a state court intervention.

As offensive as FDIC's position is to any sense of fairness and equity, the court feels compelled to follow the lead of the ruling of Judge Fitzwater of this district that the thirty-day time period starts to run from date of intervention. *See Addison Airport v. Eagle Investment Co.,* 691 F.Supp. 1022 (N.D.Tex.1988). Therefore, the court is denying the motion to remand.

### The Propriety of the Intervention

 By most measures, FDIC's intervention in the state court made no legal sense and was frivolous. The only possible redeeming quality of the intervention is that it was procedurally correct under the Texas rule of procedure that permits "[a]ny party [to] intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex.R.Civ.P. 60. The court is satisfied that the intervention had no purpose in this action other than to provide a vehicle for removal of the action from the state court to this court. In determining whether the intervention should be stricken or dismissed, the court will be guided by federal law. *Cf. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 438, 94 S.Ct. 1113, 1123–24, 39 L.Ed.2d 435 (1974); *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890, 895 (5th Cir.1984); *Addison Airport of Texas, Inc. v. Eagle Investment Co.,* 691 F.Supp. 1022, 1026–27 (N.D.Tex. 1988); *Vernon Savings and Loan Ass'n v. Commerce Savings and Loan Ass'n,* 677 F.Supp. 495, 498 (N.D.Tex.1988). Thus, the court is to look to Fed.R.Civ.P. 24 in the evaluation of whether FDIC should remain in this case as an intervenor.[6]

---

interest in the litigation, to intervene, subject to being stricken. Tex.R.Civ.P. 60.

**4.** 28 U.S.C. § 1446(b).

**5.** The February 5 letter states in its final paragraph:
> This office has been working in conjunction with the local FDIC counsel on this matter and the FDIC counsel has not objected to the law firm selected....

Ex. 3, May 17 hearing, page 2. When confronted with the discrepancy between the contents of the letter and representations made by counsel

and the FDIC witness, counsel for FDIC responded during a May 21 telephone conference between the court and counsel that this language in the letter is untrue and is "form" language that would be found in letters notifying FDIC of litigation matters whether or not applicable.

**6.** When Federal Deposit Insurance Corporation, as receiver for a failed bank, moved for reconsideration of an order striking its intervention in the case mentioned in footnote 1 of this memorandum opinion and order, it argued that, though its intervention initially was made under

If the court concludes that substantively the intervention is improper, the court has the power, *sua sponte*, to strike or dismiss the intervention. *See Tolliver v. Cudahy Packing Co.*, 39 F.Supp. 337, 339 (E.D. Tenn.1941); *cf. Baker v. Dir., U.S. Parole Comm.*, 916 F.2d 725, 727 (D.C.Cir.1990); *Sparling v. Hoffman Construction Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988).

Intervention of right exists under Rule 24(a) under the following circumstances:

(a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

There is no statute of the United States that confers an unconditional right on FDIC to intervene in this action. Thus, for FDIC to be entitled to the status of intervenor of right, the following requirements of Rule 24(a)(2) must be met: (1) the step taken by FDIC to intervene must have been timely, (2) FDIC must have an interest relating to the property or transaction which is the subject of the action, (3) FDIC must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest, and (4) FDIC's interest must be inadequately represented by the existing parties to the suit. *See Kneeland v. National Collegiate Athletic Association*, 806 F.2d 1285, 1287 (5th Cir.1987). If any of those requirements is not met, the intervention of FDIC is not "of right", and is subject to being dismissed. *Cf. Id.*

There might well be a question as to timeliness of the intervention. An intervention filed approximately fifteen months after the filing of the pleading that prompted, and allegedly necessitated, the intervention would not appear to be timely. However, because of the uncertainty as to when FDIC first learned of the January 30, 1990, counterclaim of Elms, the court is not basing its decision relative to the intervention on untimeliness.

The interest of FDIC relating to the property or transaction which is the subject matter of the action is so slight that it is insubstantial. FDIC could, under certain circumstances, have an indemnification obligation if Bank One were to be held liable for a claim made against it based on conduct of the failed bank. Ex. 2 to May 17 hearing, pages 4–5. However, this indemnification obligation can never be a reality in this action because, as a matter of law, Elms has no right of recovery from Bank One on the counterclaim he has asserted against Bank One. Moreover, FDIC's interest is, at best, a contingent one. For the second Rule 24(a)(2) requirement to be satisfied, the interest must be direct, not contingent. *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir.1989); *Restor–A–Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874–75 (2nd Cir.1983). FDIC certainly can have no direct liability in this action unless and until a party to this action asserts a cause of action against FDIC or FDIC itself creates claim or issue preclusion as to it by virtue of its intermeddling in the action. If FDIC is dismissed from the action, whatever judgment is entered in the action will not be binding on FDIC. For all these same reasons, FDIC is not so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect any interest it has.

Even if the court were to assume, for the sake of discussion, that FDIC's slight, contingent interest in the outcome of this action is sufficient to satisfy the second Rule 24(a)(2) element, FDIC would then be faced with inability to satisfy the fourth element.

---

Tex.R.Civ.P. 60, Fed.R.Civ.P. 24 governs matters pertaining to the intervention after removal to this court.

Counsel for FDIC has effectively acknowledged that whatever interest FDIC might have in this action will be adequately represented by Bank One, acting through counsel for Bank One with whom FDIC is perfectly satisfied. *Cf. International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978).

The reasons given above bear as well on whether FDIC should be kept in the suit as a permissive intervenor. The court has concluded that there is no valid reason why FDIC should enjoy the status of intervenor in this action. To what the court has already said, it adds that FDIC's presence in the litigation has the potential to cause delay and to prejudice the adjudication of the rights of the other parties to the action. Counsel for plaintiff has advised the court that he has no intention of making a claim against FDIC in this action.

For the reasons given above, the court has concluded that the intervention of FDIC should be dismissed.

The dismissal of FDIC from this action causes the court no longer to have subject matter jurisdiction. Therefore, the court has determined that, following dismissal, this action should be remanded to the state court from which it was removed. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 351–52, 108 S.Ct. 614, 619–20, 98 L.Ed.2d 720 (1988).

The court, therefore, ORDERS that defendant's motion to remand be, and is hereby, denied; that the intervention of FDIC be, and is hereby, dismissed; and that the action be remanded to the state court from which it was removed.