**TEAM BANK, Plaintiff,**

**v.**

**John W. BARFIELD and Owen D. Long, Defendants,**

**and**

**BH & L Joint Venture, Intervenor,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Texas American Bank/Fort Worth, N.A., Intervenor and Counter–Defendant,**

**and**

**FAMCO Services, Inc. f/k/a Federal Asset Management Company, d/b/a FAMCO, Third–Party Defendant.**

**No. 4:92–CV–522–A.**

United States District Court, N.D. Texas, Fort Worth Division.

Dec. 16, 1992.

Ronald G. Houdyshell and James David Cartier, Thompson Coe Cousins & Irons, Dallas, TX, for plaintiff and third-party defendant.

Frank Warren Hill, John Joseph Harvey, Jr., and Anne Soward, Hill Heard Gilstrap Goetz & Moorhead, Arlington, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

This is another case in which Federal Deposit Insurance Corporation, as an intervenor in its capacity as receiver for a failed bank, has made questionable use of its power of removal.[1] The court has determined that the intervention should be dismissed and the action should be remanded.

### I.

### *The State Court Proceedings*

The action was instituted in a state district court of Tarrant County, Texas, in April 1992 by Team Bank, as plaintiff, against John W. Barfield ("Barfield") and Owen D. Long ("Long"), as defendants, to enforce collection of promissory notes given by BH & L Joint Venture ("BH & L") to Texas American Bank/Fort Worth, N.A., ("TAB") in July 1985 (renewed in April 1988) and July 1986, respectively. Barfield and Long had signed guaranty agreements by which they had guaranteed payment of the notes. Team Bank acquired ownership of the notes and guaranty agreements through assignment from Federal Deposit Insurance Corporation, as receiver for TAB, ("FDIC/receiver").[2] Team Bank sought recovery of the unpaid amounts of the note indebtednesses, attorneys' fees, and costs of court.

Barfield and Long responded to Team Bank's state court pleading with an answer and counterclaim. The counterclaim did not purport to name any new parties. Instead, it sought recovery only from Team Bank. The facts upon which the counterclaim is based arose, in part, before TAB became insolvent; and, conduct of TAB is an ingredient of theories of recovery asserted by the counterclaim, but there is no suggestion in the pleading that Barfield and Long are seeking to impose liability for that conduct on anyone other than Team Bank.

In May 1992 BH & L filed a plea in intervention in the state court by which it asserted against Team Bank basically the same claims that Barfield and Long had asserted against Team Bank by their counterclaim. Barfield and Long filed in June 1992 a third-party petition by which FAMCO Services, Inc., f/k/a Federal Asset Management Company, ("FAMCO") was named as a third-party defendant. The claims asserted by Barfield and Long against FAMCO were based on essentially the same facts that were alleged in the counterclaim. In June 1992 Team Bank filed its answers to the counterclaim and BH & L's plea in intervention.

Then, in late June 1992 FDIC/receiver filed the documents that have come to be expected of Federal Deposit Insurance Corporation or one of its related agencies when one of them has been persuaded to use its removal power for the benefit of an assignee financial institution. FDIC/receiver filed a plea in intervention pursuant to the authority of Tex.R.Civ.P. 60, which authorizes anyone to intervene in a lawsuit pending in a Texas state court, subject to being stricken. The plea alleged the history of the insolvency of TAB in July 1989, the appointment by Federal Deposit Insurance Corporation as receiver for TAB at that time, the making of a purchase and assumption agreement between FDIC/receiver and Texas American Bridge Bank, N.A., the renaming of Texas American Bridge Bank, N.A., as Team Bank, N.A., and the merger that resulted in the existence of plaintiff, Team Bank. The reason for the intervention was stated by FDIC/receiver to be that:

---

1. *See Bank One, Texas N.A. v. Elms,* 764 F.Supp. 85 (N.D.Tex.1991), and *Hickey v. NCNB Texas Nat'l Bank,* 763 F.Supp. 896 (N.D.Tex.1991), for examples of other cases in which Federal Deposit Insurance Corporation has made questionable use of the privilege given to it by Congress to remove to a United States District Court any action to which it becomes a party.

2. Plaintiff alleged that the documents were assigned to Team Bank, N.A., (formerly known as Texas American Bridge Bank, N.A.), that after the assignment was made Team Bank, N.A., merged with another entity, and that plaintiff, Team Bank, is the corporate entity that resulted from the merger.

Defendants John W. Barfield and Owen D. Long ("Defendants") filed their Original Answer and Counterclaim (the "Counterclaim") in this action on or about May 7, 1992. Also on or about May 7, 1992, Intervenor BH & L Joint Venture filed its "Original Petition in Intervention" (the "Petition"). Both the Counterclaim and the Petition allege certain causes of action against Team Bank based on actions of the former TAB. To the extent Defendants' Counterclaim and Intervenor's Petition are based upon wrongful acts of the former TAB, if any liability exists for those claims, FDIC–Receiver retained liability for those claims pursuant to the Purchase and Assumption Agreement, and thus, is a real party in interest in this litigation and is entitled to intervene herein.

Plea in Intervention (of FDIC/receiver) at 2–3. FDIC/receiver prayed for an order dismissing the counterclaim and plea in intervention of BH & L.

The plea in intervention was accompanied by original answers filed by FDIC/receiver to the counterclaim and to BH & L's plea in intervention, respectively. By those pleadings, FDIC/receiver responded to the counterclaim and BH & L's plea as if Barfield, Long, and BH & L had pleaded causes of action against FDIC/receiver. In other words, FDIC/receiver pretended that it already was in some sense a party to the action and it filed pleadings as if claims were being asserted against it.

## II.

*Removal and Post–Removal Proceedings*

Next, in early July 1992 came the notice of removal filed by FDIC/receiver. The allegations made in the notice of FDIC/receiver's interest in the litigation were the same as those set forth in the plea in intervention. Removal was based on 12 U.S.C. § 1819(b)(2), which gives FDIC/receiver the power to remove any action to which it is a party from state court to the appropriate United States District Court.

On November 20, 1992, Barfield and Long moved to dismiss their counterclaim without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) and 41(c) and to remand. The stated purpose of the motion to dismiss was to eliminate any contention by FDIC/receiver that it is a legitimate party to this action and to make clear that the action can, and should, be remanded to state court. Barfield and Long noted in their motion to dismiss that:

4. The court should note that Defendants' counterclaims sought relief against Team Bank and not the failed bank, TAB. No new parties were named by Defendants' counterclaim, and Defendants have not amended their counterclaims to reflect that such claims are being asserted against anyone other than Team Bank. Nor have Defendants alleged claims against FDIC as Receiver for TAB. It is the FDIC that intervened and asked to be sued.

Motion to Dismiss Barfield and Long's Counterclaims Without Prejudice and Motion to Remand and Brief in Support at 2–3.

FDIC/receiver responded to the motion to dismiss and request for remand by saying that it does not oppose the dismissal so long as it is a dismissal of the counterclaims of Barfield and Long "in [their] entirety as against both Team Bank and FDIC–Receiver"; but, FDIC/receiver went on to say that:

However, to the extent Defendants' Motion to Dismiss seeks only to effectively dismiss FDIC–Receiver as a party to this action without dismissing each of the counterclaims which FDIC–Receiver intervened to defend, FDIC–Receiver is opposed to the Motion to Dismiss, and respectfully requests that the Court deny Defendants' Motion to Dismiss without prejudice, and enter an Order requiring Defendants to submit to the Court a proposed amended pleading which sets forth the counterclaims Defendants intend to pursue so that FDIC–Receiver can make an informed determination as to what its interest might be in continuing to defend those counterclaims.

Federal Deposit Insurance Corporation's Response to Barfield's and Long's Motion to Dismiss Counterclaims Without Prejudice at 4. Thus, FDIC/receiver continued

to pretend that the counterclaim is against it as well as Team Bank, notwithstanding the plain and simple fact that the counterclaim did not name anyone as a counter-defendant other than Team Bank.

Team Bank and FAMCO responded to the motion to dismiss by urging that the dismissal be with prejudice, if at all. They urged that, even if the requested dismissal is granted, remand be denied because FDIC/receiver will continue to be a party to the action due to BH & L's plea in intervention to which FDIC/receiver responded by written answer in the state court. Finally, Team Bank and FAMCO urged the court to exercise its discretion to continue to exercise jurisdiction over this action even if the conclusion were to be reached that the action could be remanded, citing *Federal Sav. & Loan Ins. Corp. v. Mackie*, 949 F.2d 818, 822 (5th Cir.1992),[3] and *Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992).

### III.

### *Discussion*

 Before considering the merit of the motions to dismiss and to remand, the court first considers, *sua sponte,* whether FDIC's intervention is proper at this time. If the court concludes that it was not proper, the court has the power to strike, or dismiss, the intervention. *Elms,* 764 F.Supp. at 89. The determination of whether the intervention should be stricken or dismissed will be controlled by federal law. *Id.* at 88. This is so even though the intervention was made while the suit was pending in state court and the intervention was proper under state law. *Id.*

Intervention in a proceeding pending in a United States District Court is governed by Fed.R.Civ.P. 24, which deals, first, with intervention of right and, then, with permissive intervention. The intervention of right part of the rule reads as follows:

(a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

For virtually the same reasons given in *Elms* why intervention of right did not exist in that case, 764 F.Supp. at 89, intervention of right does not exist in the instant action. FDIC has no substantial interest in this action. No claim is being made against it. There is nothing in the record to indicate that Team Bank can be held liable for any claim as to which FDIC/receiver would have ultimate liability. Nor is there any indication that FDIC/receiver is so situated that the disposition of this action may as a practical matter impair or impede its opportunity to protect its interests, if any it has, in the property or transactions which are the subject of the action. There is no statute of the United States that confers on FDIC/receiver an unconditional right to intervene.

Therefore, FDIC/receiver should not have standing as an intervenor in this action under the provisions of Rule 24(a). Nor is there any justification in the record of this case for intervention by FDIC/receiver under the permissive intervention provisions of Rule 24(b). FDIC/receiver is an interloper in this action, with nothing substantial to gain for itself by its presence. Its presence as a party to this action accomplishes nothing other than to cause delay, to consume judicial time, to interfere with the adjudication of the rights of the other parties to the action, and to generate, unnecessarily, significant legal expense, FDIC's part of which would be borne ultimately by the tax-paying public.

---

**3.** The *Mackie* opinion cited to the court was withdrawn and superseded. *See Federal Sav. & Loan Ins. Corp. v. Mackie,* 962 F.2d 1144 (5th Cir.1992). The proposition for which *Mackie* was cited, however, was not modified.

FDIC/receiver urges in its response to the motion to dismiss that the reasoning employed by the court in *Elms* and *Hickey* is inconsistent with the holdings of the Fifth Circuit in *NCNB Texas Nat'l Bank v. Fennell*, 942 F.2d 934 (5th Cir.1991). The court does not agree with FDIC/receiver's reading of *Fennell*. When the Fennell case was pending in the state court, Federal Deposit Insurance Corporation ("FDIC") intervened under state law of Texas. The intervention was proper under state law, as was the subsequent removal to the United States District Court. If, at that point, the issue of whether FDIC should be stricken as an intervenor had been examined, the conclusion that likely would have been reached is that the intervention was improper under federal law. But, propriety of the intervention was not examined by the district court. Rather, the district court remanded to the state court while FDIC remained a party to the action. The Fifth Circuit quite correctly held that a remand under those circumstances was improper, bearing in mind that FDIC has an absolute right to cause litigation to which it is a party to be in federal court (assuming that it pursues that right in a procedurally correct manner). *See* 12 U.S.C. § 1819(b)(2).

Moreover, after the Fennell case was removed to federal court the plaintiffs filed an amended complaint in which they named FDIC a party, and made allegations against FDIC. When that occurred, FDIC was a party to the action whether it liked it or not, and the propriety of its intervention no longer was a relevant issue. Once the plaintiffs sued FDIC directly, the posture of the case became similar to the situation the Fifth Circuit dealt with in *Pernie Bailey Drilling Co. v. FDIC*, 905 F.2d 78 (5th Cir.1990). In those cases a claim was being made directly against either FDIC or the failed bank for which it was serving as receiver. In contrast, in the instant case, as was true in *Hickey* and *Elms*, there is no claim against FDIC or the failed bank. In *Fennell*, at the time of remand the FDIC had considerable interest in the case because, at that time, it was "a named party in the Fennells' amended complaint and could possibly be subject to an adverse judgment." 942 F.2d at 936. No such circumstance exists in the instant case.

For the reasons stated above, the court has determined that the intervention of FDIC should be dismissed.

■ Once FDIC/receiver is dismissed from the action, the court has the authority to remand the action to state court. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351–52, 108 S.Ct. 614, 619–20, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The court has concluded that such a remand would be appropriate in this action. There is no need for the court to rule on the motion of Barfield and Long to dismiss their counterclaim. That is a matter that can be dealt with by the state court following remand.

### IV.

The court, therefore, ORDERS that the intervention of FDIC/receiver be, and is hereby, dismissed and that FDIC/receiver no longer is a party to this action; and, the court further ORDERS that the action be remanded to the state court from which it was removed.

### FINAL JUDGMENT OF DISMISSAL OF FDIC/RECEIVER AND OF REMAND

Consistent with the memorandum opinion and order signed in the above-styled and numbered cause on this date,

The court ORDERS, ADJUDGES and DECREES that:

1. The intervention of Federal Deposit Insurance Corporation, as receiver for Texas American Bank/Fort Worth, N.A., be, and is hereby, dismissed and that Federal Deposit Insurance Corporation, as receiver for Texas American Bank/Fort Worth, N.A., no longer is a party to this action; and

2. This action be, and is hereby, remanded to the state court from which it was removed.