Francisco **ARENDS, et al., Plaintiffs,**

v.

**EUROBANK AND TRUST COMPANY, Defendant,**

and

**Federal Deposit Insurance Corporation, in its Corporate Capacity and as Receiver for Banco Nacional, N.A., Intervenor.**

Civ. No. 92–1907 (JAF).

United States District Court,
D. Puerto Rico.

Jan. 29, 1993.

Lesbia Hernández–Miranda, San Juan, PR, for plaintiffs.

Rafael Arrillaga, San Juan, PR, for defendant.

Gustavo A. Gelpí, Feldstein, Gelpi & Gotay, San Juan, PR, for intervenor.

## OPINION AND ORDER

FUSTE, District Judge.

An insured, nationally-chartered bank based in the Commonwealth of Puerto Rico, teetered toward financial instability. The Comptroller of the Currency (Comptroller) decided to intervene and appointed the Federal Deposit Insurance Corporation (FDIC) to be the receiver for the insolvent bank. FDIC nearly immediately entered into a purchase and assumption agreement (P & A Agreement) with another nationally-insured bank to assume the essential elements of the failed bank's business.[1] In the process of the transfer, several employees of the failed bank lost their jobs. These employees brought an action for severance pay against the assuming bank in the Superior Court of Puerto Rico, alleging that Law No. 80 of the Commonwealth of Puerto Rico requires severance compensation because the plaintiff employees were fired without "good cause" as defined by Law No. 80.[2] 29 L.P.R.A. § 185b. Claiming an interest in this suit, FDIC successfully intervened[3] as a defendant despite the fact that plaintiffs' complaint presented no cause of action against FDIC. FDIC subsequently removed the case to federal district court. Federal legislation conditionally permits FDIC as a party to remove an action to federal court, regardless of

---

1. FDIC may choose to liquidate a failed bank or, if financially feasible, enter into a purchase and assumption agreement with another financial institution. *See generally* 12 U.S.C. § 1823 *et seq. See also Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63, *reh. den.,* 459 U.S. 1059, 103 S.Ct. 477, 74 L.Ed.2d 624 (1982) (describes formula for FDIC decision between liquidation and P & A Agreement); *Federal Deposit Ins. Corp. v. National Union Fire Ins. Co.,* 630 F.Supp. 1149 (W.D.La.1986) (same).

2. The legislature of the Commonwealth of Puerto Rico enacted Law No. 80 effective May 30, 1976, inter alia, in order to indemnify employees who are terminated without good cause. The amount of severance allowance is contained in the statute: the sum of one month's salary and one week's salary for each year the employee has worked for the employer. Law No. 80 is codified at 29 L.P.R.A. §§ 185a–185m.

3. *Francisco Arends v. Eurobank, Inc.,* No. K PE92–0279, (Superior Court, San Juan Part, June 26, 1992) (Motion to Intervene Granted).

lack of diversity[4] or federal defense. 12 U.S.C. § 1819(b)(2)(B).

Plaintiff employees now move to remand the case to local court. Plaintiffs contend that FDIC improperly intervened as a defendant for the sole purpose of removing the case to a federal tribunal, arguing that FDIC has no significant interest in the case, particularly since plaintiffs assert no claim against FDIC. Plaintiffs submit that the federal district court lacks removal jurisdiction over the case, since FDIC is not an original or proper party to the suit. Plaintiffs intend to demonstrate that FDIC should be dismissed from the suit and, along with FDIC, the special statutory grant of federal question jurisdiction over the case. 12 U.S.C. § 1819(b)(2)(A).

Without passing judgment on the merits of plaintiffs' claim for Law No. 80 severance pay, or on defendants' arguments to the contrary, we find that this court indeed does have removal jurisdiction. According to federal statute, FDIC meets the criteria for special federal question jurisdiction in this case. We, therefore, deny plaintiffs' motion to remand to the Superior Court of Puerto Rico.

## I.

### Facts and Procedural History

On January 24, 1992, the Office of the Comptroller pronounced Banco Nacional, N.A. (Banco Nacional) to be insolvent. The Comptroller subsequently appointed FDIC as receiver for the failed national bank. On the same day, FDIC, in its dual role as corporate insurer and receiver of the insolvent bank, entered into a P & A Agreement with Eurobank and Trust Company (Eurobank), transferring a substantial portion of Banco Nacional's deposits, assets, and liabilities. In effect, the FDIC-orchestrated transaction transferred ownership and control of what was formerly Banco Nacional to Eurobank.

A majority of Banco Nacional's employees continued to work for Eurobank, but in the process of the transaction, other experienced employees were terminated. In addition to losing their jobs, the terminated workers did not receive Law No. 80 severance payments. The exact timing and rationale for firing these workers remain unclear; however, as of now there is no indication that any of the terminated employees had performed their jobs in an inadequate or insubordinate manner, thereby justifying their terminations on such grounds. We cannot tell from the posture of this record whether certain dismissals were due to the adverse financial conditions that led to the assumption agreement or to a related subsequent reduction in the work force.

On June 3, 1992, plaintiff employees brought this action against Eurobank for severance compensation. Eurobank allegedly owes plaintiffs $88,782.98 under Section 6 of Puerto Rico Law No. 80 (Law No. 80). 29 L.P.R.A. §§ 185a–185m. Law No. 80 requires a successor of a going business to pay a statutorily-defined severance allowance to an acquired business' employees who are terminated without "good cause." Id. at § 185a. Originally, plaintiffs initiated the suit in the Superior Court of Puerto Rico, San Juan Part, in a Puerto Rico Law No. 2 (Law No. 2) summary proceeding. 32 L.P.R.A. § 3120. Law No. 2 proceedings are intended to expedite and summarily dispose of certain wage and labor matters. In the Superior Court, FDIC successfully intervened as a defendant,[5] and

---

4. FDIC does not provide diversity jurisdiction, 28 U.S.C. § 1332, because, as a federally-chartered corporation, it is not a "citizen of a state." *Federal Deposit Ins. Co. v. National Surety Corp.,* 345 F.Supp. 885, 887–88 (S.D.Iowa 1972); *Federal Deposit Ins. Co. v. La Rambla Shopping Center, Inc.,* 791 F.2d 215, 221 (1st Cir.1986). *But cf. Garden Homes, Inc. v. Mason,* 249 F.2d 71, 73 (1st Cir.1957), *cert. denied,* 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958) (Federal Housing Authority considered to be a citizen of the District of Columbia).

5. FDIC's motion to intervene was predicated on several grounds: First, FDIC acted as receiver of Banco Nacional; second, FDIC arranged the Purchase and Assumption Agreement entered into by Eurobank; third, as a part of the P & A Agreement, FDIC acts as a partial indemnifier of Eurobank; and fourth, FDIC could conceivably be held liable for actions of Eurobank given FDIC's direct role in the transaction resulting in Eurobank's purchase and assumption of much of the failed bank's assets and obligations.

later removed the action to federal district court.

Under certain conditions, federal legislation, particularly the Federal Deposit Insurance Act, including its most recent amending act, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA),[6] permits FDIC to "remove any action, suit, or proceeding [to which it is a party] from a State court to the appropriate United States district court...." 12 U.S.C. § 1819(b)(2)(B) (§ 209(4) of FIRREA).[7] Since FDIC intervened as a party in interest in the suit, the removal was effectuated pursuant to § 1819(b)(2)(B). The case now sits before this Federal District Court. Plaintiffs have moved to remand the case to the superior court on the ground that this court lacks removal jurisdiction.

## II.

### Discussion

Plaintiffs make two primary arguments against FDIC's removal to federal court: One, FDIC is procedurally barred from intervening in local court because of the special, summary nature of wage and labor actions in Puerto Rico and, therefore, should never have been a party to the suit; and two, the federal district court, applying federal standards, lacks jurisdiction because FDIC improperly intervened and removed the case from the Superior Court. We will discuss this dichotomous argument in sequence.

A. Soundness of Intervention and Removal, Puerto Rico Superior Court

1. *Intervention and Summary Proceedings in Superior Court*

■ In wage and labor cases brought through the special summary procedure of

Law No. 2, the legislature of Puerto Rico intended for the judicial process to move swiftly and summarily. *See Resto Maldonado v. Galarza Rosario*, 117 D.P.R. 458 (1986). Law No. 2 declares that a "defendant shall answer in one sole plea in which he shall include all his defenses and objections...." 32 L.P.R.A. § 3120.[8] Puerto Rico law strives to keep delay and duplicity to a minimum so as not to undermine the unique summary nature of Law No. 2 proceedings. *Id.; see also Secretario del Trabajo v. J.C. Penney Co., Inc.*, 119 D.P.R. 660 (1987). The summary nature of this special proceeding is illustrated by a judicial decision touching upon discovery and pleading amendments in this kind of summary disposition case. In *J.C. Penney Co., Inc.*, the Supreme Court of Puerto Rico ruled, inter alia, that the summary nature of Law No. 2 proceedings was hindered by a grant of substantial additional discovery over the limited discovery contemplated by the law and a grant of leave for the defendant to amend his answer. The amendment contained completely different defenses than those presented by the original answer.

In the case at hand, plaintiffs' severance compensation suit brought in the Superior Court was filed under the special summary procedure of Law No. 2. Accordingly, plaintiffs primarily contend that FDIC's intervention was improper because the entrance of another defendant, and, therefore, another answer to plaintiffs' complaint, defeats the purpose of the summary nature of Law No. 2 proceedings. Secondarily, plaintiffs argue that the impact of FDIC's intervention is worsened by the inclusion of new defenses in FDIC's answer. Still further, plaintiffs argue that Rule 21

6. *See generally* Anthony C. Providenti, Jr., *Note: Playing With FIRREA, Not Getting Burned: Statutory Overview of the Financial Institutions Reform, Recovery and Enforcement Act of 1989*, 59 Fordham L.Rev. S 323 (May 1991).

7. The Commonwealth of Puerto Rico is considered to be a "state" under FDIC law. 12 U.S.C. § 1813(a)(3).

8. Other unique features of the summary procedure of Law No. 2 include a provision for sum-

mary judgment against a defendant for failure to answer a complaint within ten days after notice, or fifteen days if the defendant is not in the judicial district in which the action is instituted, a restriction on the ability for the court to grant an extension for defendant to answer the complaint, and a limitation on the number of depositions and interrogatories for each party. 32 L.P.R.A. § 3120.

of the Rules of Civil Procedure of Puerto Rico, regarding intervention, is generally inapplicable to, and contrary to the purpose of, the summary nature of Law No. 2 proceedings.

First, plaintiffs rely heavily on the Puerto Rico Supreme Court's decision in *J.C. Penney Co., Inc.*, 119 D.P.R. 660 (1987). Plaintiffs analogize that case's amendment containing different defenses to the intervention of FDIC with its "new" answer to the complaint. Plaintiffs' comparison of the problematic amended answer in *J.C. Penney Co., Inc.* and the sole answer provided by the additional intervening defendant, FDIC, in the case at hand is clearly not analogous. Taken to its logical conclusion, intervention of an important defendant party would always be barred in Law No. 2 proceedings, or, if not prohibited outright, an intervening defendant would not be able to file an answer to the complaint. We find that intervention and Law No. 2 are not inherently contradictory in theory or in practice. In fact, FDIC's intervention might actually allow for a more complete hearing and adjudication—perhaps even more favorable to plaintiffs.

Second, plaintiffs contend that FDIC's defenses that are different from codefendant Eurobank's defenses bar intervention in a Law No. 2 proceeding. While plaintiffs' argument is not well supported in the pleadings, we need not reach the crux of the defense question, since Eurobank and FDIC plead nearly equivalent defenses. As to Rule 21 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A.App. III R. 21, plaintiffs again fail to demonstrate why intervention and Law No. 2 proceedings clash. We agree that Law No. 2 proceedings do require expeditious judicial treatment, but intervention is not prohibited. The Supreme Court of Puerto Rico and the Puerto Rico legislature certainly have not suggested that intervention in a Law No. 2 proceeding is impermissible or, alternatively, that intervening parties in Law No. 2 proceedings must refrain from submitting responsive pleadings. Therefore, we conclude that neither the summary nature of Law No. 2 proceedings nor Puerto Rico law precluded FDIC's intervention in the Superior Court action.

### 2. *FDIC Removal*

■ "Except as provided in subparagraph (D), [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B).[9] The clear intent of this special removal statute is to allow most cases in which FDIC is a party to be removed to federal court.[10] On review, how-

---

9. There is an exception to FDIC removal referred to in section 1819(b)(2)(B), although it does not apply in this case. However, the exception does become relevant in "any action . . . (i) to which [FDIC, in its] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff; (ii) which involves only the preclosing rights against the state insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; *and* (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(D) (emphasis added). *See Sárraga v. Girod Vela & Co.*, 649 F.Supp. 11, 11–14 (D.P.R.1986) (remand to state court for lack of subject matter jurisdiction over state issues). Since Banco Nacional is a national bank, the exception does not apply.

10. The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), effective as of August 9, 1989, amended previous banking legislation, "plainly indicat[ing] that where the FDIC is a party, federal question jurisdiction exists and removal by the FDIC is proper, except with respect to certain state law claims where the FDIC is appointed receiver exclusively by state authorities." *Walker v. Federal Deposit Ins. Corp.*, 970 F.2d 114, 118 (5th Cir.1992). *Cf. Franklin Nat. Bank Secur. Litigation v. Andersen*, 532 F.2d 842, 844–45 (2nd Cir.1976). In fact, federal courts have held that FDIC may remove a case from state court *without* prior intervention. *See Farina v. Mission Invest. Trust*, 615 F.2d 1068, 1075 (5th Cir.1980). *See also Structural Systems, Inc. v. Sulfaro*, 687 F.Supp. 22 (D.Mass.1988) (FDIC removal power is "not contingent on the plaintiff naming [FDIC] as a defendant in the first instance"); *Federal Deposit Ins. Corp. v. Otero*, 598 F.2d 627, 629 (1st Cir.1979) (federal jurisdiction present where the FDIC was a substituted party rather than an original party in the state court action). *Cf. Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir.), *reh. denied* (5th Cir. 1991), *cert. denied*, — U.S. ——, 112 S.Ct. 1163,

ever, the federal district court may remand for lack of jurisdiction,[11] 28 U.S.C. § 1446 *et seq.*, or the federal court may dismiss FDIC as an intervenor, thereby eroding the foundation of federal jurisdiction.

The Superior Court of Puerto Rico found that FDIC's intervention in the action was legally sound; hence, FDIC became a party. FDIC, therefore, acted within federal statutory limits in removing the case to federal court, subject to being stricken by the federal district court. *See* 12 U.S.C. § 1819(b)(2)(B); 28 U.S.C. § 1447(c). We execute a review of FDIC's intervention and removal below.

### B. Intervention and Removal, Federal District Court

#### 1. *Intervention and Federal Jurisdiction*

"In determining whether the intervention should be stricken or dismissed, the court will be guided by federal law. *Cf. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974); *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir.1984).... Thus, this court is to look to Fed.R.Civ.P. 24 in the evaluation of whether FDIC should remain in this case as an intervenor." *Bank One v. Elms*, 764 F.Supp. 85, 88 (N.D.Tex.1991). *Cf. Baker v. Director, United States Parole Com.*, 916 F.2d 725, 727 (D.C.Cir.1990).

The Federal Rules of Civil Procedure allow two types of intervention: "Intervention of Right" and "Permissive Intervention." Fed.R.Civ.P. 24. A party may timely intervene as of right in two ways: "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an *interest relating to the property or transaction* which is the subject of the action and the applicant is so situated that the disposition of *the action may as a practical matter impair or impede the applicant's ability to protect that interest,* unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a) (emphasis added). Or, at the discretion of the court, a party may permissively intervene according to Rule 24(b).[12]

FDIC is not conferred an unconditional right to intervene. But we need not look far for the justification for FDIC's intervention: We are satisfied that the second reason for intervention of right found in Rule 24(a) gives FDIC the right to intervene in this severance compensation matter.[13] "There is no precise and authorita-

---

117 L.Ed.2d 410 (1992) (allowing federal jurisdiction even when FDIC or FSLIC has been voluntarily dismissed as a party).

11. The regular removal process is applicable to FDIC actions, except where specifically altered by contrary legislative language. *See Woburn Five Cents Savings Bank v. Robert M. Hicks, Inc.*, 930 F.2d 965, 967–68 (1st Cir.1991). The standard removal petition is "filed in the first instance in the federal court instead of the state court and ... coupled with notice to adverse parties and to the state court, 'shall effect the removal and the State court shall proceed no further unless and until the case is remanded.' 28 U.S.C. § 1446(e). Questions of the sufficiency of the petition and of removability are passed on by the federal court.... [S]tate courts have held that once the required procedural steps are taken in a civil case, all subsequent state action is void, even if the case is nonremovable, unless and until the case is remanded." Paul M. Bator, et al., Hart and Wechsler's The Federal Courts and The Federal Court System, 1776 (3rd ed. 1988) (citations omitted).

12. We do not treat FDIC's intervention as a permissive one in this case. But a party may permissively intervene "[u]pon timely application ... (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R.Civ.P. 24(b).

13. Timeliness of the intervention or the subsequent removal is not in question. Plaintiffs argue that the intervention itself is *per se* untimely, in that it necessarily "delays" judicial proceedings. While FDIC's intervention has

tive definition of the interest required to sustain a right to intervene under Rule 24(a)(2). *See* 3B Moore's Federal Practice para. 24.07[2], at 24–57." *Travelers Indem. Co. v. Dignwell*, 884 F.2d 629, 638 (1st Cir.1989). As plaintiffs rightly point out, federal courts have held, for example, that FDIC's interest must be more than a "contingent one" and not "so slight that it is insubstantial." *Bank One v. Elms*, 764 F.Supp. 85, 89 (N.D.Tex.1991). When we examine the totality of FDIC's interests in this case, both direct and contingent, we find FDIC's overall interest to be sufficient under the law for purposes of intervention.

First, if Law No. 80 is not preempted by federal legislation, and we should make clear that we do not reach the merits of the preemption question here, FDIC could be liable either directly to plaintiffs as the receiver of a going business,[14] or indirectly to the parties for negligently managing the P & A Agreement or for failing to exercise proper fiduciary responsibilities.[15] Second, FDIC "claims an interest relating to the property or transaction" since FDIC is the governmental and corporate body that carried out the P & A Agreement with Eurobank and acted as the receiver of Banco Nacional. Fed.R.Civ.P. 24(a)(2). Third, be-

cause of FDIC's unique public mission, FDIC always retains some interest in a litigation regarding one of its P & A Agreements. Fourth, and similarly, FDIC has been given a broad statutory imprimatur to keep the nation's banks and other financial institutions financially solvent and stable both in reality and in the public eye.[16] If a P & A Agreement comes under attack, whether by local or state authorities or other interested parties, FDIC naturally must do what it can to avoid precedents that may hinder future agreements regarding bank transfers.

Examining the totality of FDIC's interest, we find that "as a practical matter [the outcome of the FDIC—Eurobank P & A Agreement case may] impair or impede [FDIC's] ability to protect [its] interest...." Fed.R.Civ.P. 24(a)(2). Moreover, the other parties, plaintiffs and Eurobank, have different interests relative to FDIC, both on transactional and policy levels. FDIC's interests, therefore, may not be "adequately represented by existing parties." *Id.*

While some might argue that the justification for FDIC's intervention stands on an amorphous and general argument,[17] we be-

---

prolonged plaintiffs' action here, it may make the proceeding more complete and allow plaintiffs and the judicial system to avoid future litigation involving FDIC as it relates to plaintiffs' Law No. 80 claim.

**14.** Puerto Rico Law No. 80 holds some party responsible for severance compensation in unjust employment terminations. Depending on the circumstances of the transfer of ownership of a going business, if the banking concern here can be so categorized, FDIC arguably could be a responsible party. "In the event that the new acquirer [of a going business] chooses not to continue with the services of all or any of the employees and hence does not become their employer, the former employer shall be liable for the compensation provided herein, and the purchaser shall retain the corresponding amount from the selling price stipulated with respect to the business. In case he discharges them without good cause after the transfer, the new owner shall be liable...." 29 L.P.R.A. § 185f.

**15.** *See, e.g.,* Russell Manning, *Creditors' Remedies Against the FDIC as Receiver of a Failed National Bank,* 64 Tex.L.Rev. 1429 (May 1986).

*Cf. Travelers Indem. Co. v. Dignwell,* 884 F.2d 629, 638 (1st Cir.1989) ("There can be no dispute that an insurer has a direct interest in the lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question.").

**16.** For example, "the Gunter court stressed the FDIC's duty to promote 'the stability of and confidence in the nation's banking system,' ... and the preferred status of the purchase and assumption transaction as a means of accomplishing this duty because 'it avoids the specter of closed banks and the interruption of daily banking services.'" *In re 604 Columbus Ave. Realty Trust,* 968 F.2d 1332 (1st Cir.1992) (quoting *Gunter v. Hutcheson,* 674 F.2d 862, 870 (11th Cir), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982)) (citations omitted).

**17.** "Arising under" federal question jurisdiction might also be argued in this case to be grounded on very different grounds than the FDIC "interest" test, namely the federal nature of FDIC's authority and any federal defenses raised by FDIC or Eurobank. *Cf. Capizzi v. Federal Deposit Ins. Corp.,* 937 F.2d 8 (1st Cir.1991).

lieve FDIC's interest fulfills the letter and intent of Rule 24 intervention. Perhaps, if FDIC intervened in the Superior Court solely to provide the case with federal jurisdiction, as plaintiffs suggest, we might criticize FDIC's motivation in intervening and removing.[18] Nevertheless, in the opinion of this court and regardless of ultimate motive, FDIC's set of interests in this case satisfy the federal requirements for intervention, and do so without offending Puerto Rico law.

### 2. *Remand from Federal Court*

Since we find that FDIC is a legitimate party to the suit, we will not remand the case to the Puerto Rico Superior Court. 12 U.S.C. §§ 1819(b)(2)(B) and 1819(b)(2)(D) give FDIC, as a genuine party to the suit in local court, the option to remove to the appropriate federal district court. We are that court. We, therefore, **deny** plaintiffs' motion to remand.

Defendant FDIC has moved to dismiss the case. Now that jurisdictional questions have been resolved, plaintiffs should promptly address the dismissal motion on or before February 19, 1993.

IT IS SO ORDERED.

---

**18.** In a similar FDIC scenario, at least one court has found that FDIC as a receiver of a failed bank improperly intervened. *See Hickey v. NCNB Texas Nat. Bank,* 763 F.Supp. 896, 897 (N.D.Tex.1991) ("[FDIC's] intervention was filed ostensibly to enable FDIC–Receiver to defend claims that were not made against it. A review of the file discloses that the only possible.explanation for the intervention was to use on behalf of the existing defendants—and, in the court's view, to abuse—the power of removal....") We contrarily find that FDIC's interest in the case at bar to be sufficient to warrant intervention and not to constitute an abuse of FDIC's removal power. The unique factual and legal scenario created by Puerto Rico Law No. 80, to point out one distinction with *Hickey,* arguably makes the outcome of a hearing on the merits in this case more unpredictable and potentially damaging to FDIC's interest.