**PERNIE BAILEY DRILLING COMPANY, Plaintiff–Appellee,**

*v.*

**FEDERAL DEPOSIT INSURANCE CORP., As Receiver of First Republic-Bank of Houston, N.A., Defendant–Appellant.**

**No. 89–2958.**

United States Court of Appeals, Fifth Circuit.

July 5, 1990.

---

Robert D. Daniel, Hirsch & Wetheimer, Houston, Tex., for defendant-appellant.

Robert O. Thomas, Dotson & Scofield, Houston, Tex., for NCNB Texas Natl. Bank.

John C. Allen, Kirsch, Gunn, Weller, Neumann & Morrison, Houston, Tex., for plaintiff-appellee.

Before KING, JOHNSON, and HIGGINBOTHAM Circuit Judges.

PER CURIAM:

The FDIC appeals from the district court's remand to state court of this case removed by the FDIC. Because the district court had proper removal jurisdiction over the case the remand to state court was improper, and we reverse.

I

On July 17, 1987, Pernie Bailey Drilling Company sued First RepublicBank Houston, N.A., in the 164th Judicial District Court of Harris County, Texas, asserting lender liability claims for damages and seeking cancellation of debt owed to the bank. First RepublicBank counterclaimed for a deficiency following foreclosure in excess of $3 million. On July 29, 1988, the Comptroller of the Currency closed First RepublicBank and appointed the FDIC Receiver. On the same day the FDIC created a bridge bank under 12 U.S.C. § 1821(i), and FDIC entered into a Purchase and Assumption Agreement with the bridge bank, which was later renamed NCNB Texas National Bank. On August 26, 1988, FDIC–Receiver and NCNB petitioned for removal of the case to the United States District Court for the Southern District of Texas. On April 5, 1989, Pernie Bailey moved for an order remanding the case to state court, arguing that FDIC had no standing to remove because it is not the real party in interest. FDIC and NCNB contended that because the FDIC assigned certain assets to NCNB and agreed to indemnify NCNB with respect to certain liabilities related to those assets, the FDIC retains a continuing interest in this suit. The district court requested the parties to brief it "on the issue whether Plaintiff's claims and Defendants' counterclaims fit specifically into the assets and liabilities transferred to NCNB" under the P & A Agreement. After full briefing, the district court remanded the case to state court under the theory "that NCNB is the real party in interest in this lawsuit and that the claims asserted are state law causes of action." FDIC–Receiver appealed this order, and Pernie Bailey moved to dismiss the appeal because of the general rule that a district court's order remanding to state court is not reviewable. This Court denied the motion to dismiss because the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) indicates that the FDIC can appeal from an order of remand.

## II

■ Pernie Bailey argues that FDIC is not a proper party to this litigation, and therefore cannot rely on FIRREA to establish removal jurisdiction. This Court has already implicitly ruled that FIRREA is applicable, however, for the earlier panel relied on FIRREA in holding that there is jurisdiction over this appeal. The earlier panel implicitly concluded that the FDIC was a party, for otherwise dismissal of the appeal would have been appropriate.

We are not convinced by Pernie Bailey's assertion that FDIC is not a party to the case. The designation of FDIC as a proper party stems in part from its obligation to indemnify NCNB under the terms of the P & A Agreement. After assignment, NCNB became the proper party to sue on the notes, but even so, FDIC is entitled to defend a claim of recission. Although the notes were assigned before removal, the FDIC remained the proper party to defend all claims for damages against the closed bank. *Beighley v. FDIC*, 868 F.2d 776, 779–80 n. 7 (5th Cir.1989) (FDIC–Receiver remains the proper party to defend claims against the closed bank even after assignment of the assets).

■ Having concluded that the FDIC is in fact a party, the issue remains whether the district court erred in remanding the case to state court. Pernie Bailey argues that the only claims involved are matters of state law, and therefore jurisdiction is not proper in federal court. FIRREA disposes of this argument, for as noted in *Triland Holdings v. Sunbelt Service Corp.*, FIRREA "eliminates any concern that the federal district courts may lack jurisdiction in these cases." 884 F.2d 205, 207 (5th Cir. 1989). FIRREA provides in pertinent part:

(2) Federal Court Jurisdiction.—

(A) In General.—Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States. * * *

(D) State Actions ..., any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State Authorities, is a party other than as a plaintiff; * * *

12 U.S.C. § 1819; Pub.L. No. 101–73, § 209, 103 Stat. 183, 216–17 (1989). The statute indicates that where the FDIC is a party, federal question jurisdiction exists, except with respect to certain state law claims where the FDIC was appointed receiver by the exclusive appointment of state authorities. Here the FDIC was appointed receiver by a federal authority, the Comptroller of Currency. Consequently, FIRREA vests jurisdiction in the federal district court.

## III

The FDIC is a proper party to this case because it is entitled to defend claims against the closed bank even after assignment of assets to NCNB. Because FDIC is a proper party, FIRREA establishes jurisdiction in the district court. Therefore, the district court erred in remanding the case to state court.

REVERSE AND REMAND.