**NCNB TEXAS NATIONAL BANK, et al., Plaintiffs,**

**Federal Deposit Insurance Corporation as Receiver of First RepublicBank Abilene, N.A., formerly known as InterFirst Bank Abilene, N.A., Plaintiff–Appellant,**

v.

**Wendell L. FENNELL and Celina T. Fennell, Defendants–Appellees.**

No. 91–1208.

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1991.

17. *Id.*

Charles L. Black, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, Tex., for FDIC.

Jeffrey Conner, Lubbock, Tex., for defendants-appellees.

Wendell L. Fennell and Celina T. Fennell, pro se.

Before REYNALDO G. GARZA and WIENER, Circuit Judges, and SEAR, District Judge.[1]

REYNALDO G. GARZA, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC") intervened in this state court case and removed it to federal district court. Prior to trial, the federal court remanded the case to state court *sua sponte*, finding that the FDIC had not articulated a convincing interest in the litigation. The FDIC appealed.[2] After reviewing the pleadings, the record and the briefs, we REVERSE the district court's remand to state court, and REMAND this case to the district court with instructions.

The Proceedings

This litigation began in November, 1989, when NCNB Texas National Bank ("NCNB") filed suit in state court against the Fennells for collection of deficiencies due on their promissory notes. When NCNB moved for summary judgment in January of 1990, the Fennells filed their counterclaim, seeking recovery for claims arising out of and relating to the purported agreement between themselves and the First RepublicBank Abilene, N.A. ("FRB"), later ratified by NCNB but subsequently breached. This action was filed against NCNB and three of its officers, Tim Collard, John Clark and John Combs.[3] Because of the claims arising from actions of FRB, the FDIC intervened. The FDIC claimed that less than all liabilities of the failed bank were passed on to NCNB, and that those which were not included the ones asserted by the Fennells. The FDIC stated that it had a substantial interest in this litigation because 1) any liability arising before NCNB took over FRB will be the FDIC's obligation as Receiver, 2) even if NCNB assumed the liability, FDIC may remain liable, and 3) based on the agreement between the FDIC and NCNB, no third parties acquired any rights against NCNB because of that transfer agreement.

The case was removed to federal court. On June 22, 1990, the FDIC and NCNB filed a motion for summary judgment. The Fennells followed by filing a first amended complaint in which the FDIC was named a party and allegations were made against the FDIC. Trial was set for October 1990 but was rescheduled for February 4, 1991. Although several motions were pending, the district court entered a remand order *sua sponte*, on December 22, 1990, reasoning that the FDIC had "not alleged that it retained any of the liability for the transactions in issue in this case," and finding that the case had been "improvidently removed." The FDIC moved the district court to reconsider but that motion was denied. The FDIC now appeals to this court.

1. Morey L. Sear, U.S. District Judge of the Eastern District of Louisiana, sitting by designation. U.S. Circuit Judge Henry A. Politz, Acting Chief Judge certified that because of the emergency created by the recusal of an assigned judge and the unavailability of active judges on the Fifth Circuit to serve on the panel assigned to hear this case, it was necessary to constitute the panel with one senior and one district judge.

2. 12 U.S.C. § 1819(b)(2) reads **Federal court jurisdiction**

(A) **In General**—Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corpora-

tion, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) **Removal**—Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

(C) **Appeal of Remand**—The Corporation may appeal any order of remand entered by any United States district court.
Subparagraph (C) thereby grants the FDIC authority to seek appeal of such a remand.

3. Clark and Combs have subsequently been dropped from the action.

## The Facts [4]

In 1987, the Fennells had four outstanding promissory notes payable to InterFirst Bank Abilene, N.A., the name of which was changed to FRB in June of that year. The Fennells allege that they were approached by FRB officials with a proposition for restructuring the Fennells' debt to provide a line of credit which was essential for their oil and gas enterprise. As consideration, the Fennells would purchase a tract of land FRB was trying to sell. This arrangement was alleged by the Fennells to have been recorded in FRB's corporate minutes and to have been affirmed orally by FRB's officers. Although there was some delay by FRB in consummating the line of credit, agents of the bank assured the Fennells that they could complete the transaction at their convenience. After FRB became insolvent in 1989, the FDIC/Receiver assigned various assets and liabilities from the failed bank to NCNB. The Fennells claim that NCNB and co-defendants Collard, Clark, and Combs reaffirmed the original FRB contract and that this ratification was both oral and written. On May 12, 1989, Collard informed the Fennells that NCNB would not honor the contract and that no line of credit would be offered. This refusal is alleged to have caused the Fennells serious financial harm.

The FDIC's statement of facts stresses entirely different occurrences. It alleges that the Fennells had defaulted on their notes in July, 1989, and that only after suit was filed against them by NCNB to collect did they counterclaim baséd on facts they attribute to the failed bank. The FDIC further contends that the purported written approval by NCNB was executed before FRB was closed.

## Analysis

We are not here required to weigh the substantive merits of NCNB's case *vis a vis* the Fennells' case; rather we must only decide whether the FDIC was a party properly before the federal district court. The

FDIC insists that it still has an interest in this case; that it may still be responsible for the liabilities upon which the Fennells sue, and that it is a named party in the Fennells' amended complaint. In *Pernie Bailey Drilling Co. v. Federal Deposit Insurance Corp.*, 905 F.2d 78 (5th Cir. 1990), Pernie Bailey sued a bank in state court under lender liability claims and the bank counterclaimed for a deficiency following foreclosure. Before trial, the bank became insolvent and the FDIC became receiver and created a bridge bank; a purchase and assumption agreement was executed between the FDIC and the bridge bank and these two parties petitioned to remove the state litigation to federal court. Pernie Bailey moved to remand the action to state court. The district court remanded because it found the bridge bank was the only real party in interest. This court found that "the FDIC remained the proper party to defend all claims for damages against the closed bank." *Id.* at 80. Therefore, the district court was reversed.

As in *Pernie Bailey,* the FDIC in the case at bar claims to have an interest in the outcome of the litigation. The district court found that there was no showing of such an interest by the FDIC, but we disagree. The FDIC has a considerable interest in this case: It is sufficient that the FDIC is a named party in the Fennells' amended complaint and could possibly be subject to an adverse judgment. *See Federal Savings and Loan Insurance Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991). "Since [the FDIC] had a right to defend, it was a proper party." *Id.*

Additionally, 12 U.S.C. § 1819(b) provides that, except in specified state actions, any suit in which the FDIC is involved is deemed to arise under the laws of the United States. As this case does not involve the exceptional state actions contemplated by § 1819, federal jurisdiction exists and the district court improperly remanded the case to state court.

---

**4.** Because this case has not yet gone to trial, by and large all of the facts recited are the parties' allegations; though in this instance we must leave credibility determinations to the fact finder, we will note the relevant allegations which affect the district court's *sua sponte* removal.

## Conclusion

Because we find that the FDIC is a proper party and that § 1819 confers jurisdiction, we REVERSE the district court's order of remand to state court. Additionally, we REMAND this case to the district court to rule on any motions that were pending prior to the institution of this appeal and to set a new trial date if that should become necessary.