**490**

Miguel VILLAFAÑE NERIZ,
et al., Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,
Defendants.

Civ. No. 91–1793(PG).

United States District Court,
D. Puerto Rico.

Oct. 23, 1991.

Jesús R. Rabell–Méndez, San Juan, P.R., for plaintiffs.

Raúl E. González Díaz, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This case is presently before this Court on plaintiff's motion to remand the case to the Superior Court of Puerto Rico pursuant to 28 U.S.C. § 1447(c).

Plaintiff the Administrator of Guaranty Insurance Company ("Guaranty") originally commenced this action against the FDIC in the Superior Court of Puerto Rico seeking payment of a certificate of deposit. Said action was brought as part of Guaranty's liquidation proceedings, which are being conducted by order of the Superior Court, pursuant to the provisions of Chapter 40 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 4001, *et seq.*

Plaintiff's argument in support of its petition to remand is twofold. First, that the Court should abstain from exercising its jurisdiction based on *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Second, that the Superior Court has jurisdiction over the FDIC. For the reasons that follow, the Court finds plaintiff's argument to be unpersuasive.

### I. *Burford Abstention*

Under *Burford*, abstention is appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public impact whose importance transcends the result in the case then at bar." *Colorado River Water Conservation Dist. v. United*

*States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Generally, *Burford* abstention is justified where a complex, technical, regulatory scheme is administered by a specialized state tribunal having exclusive jurisdiction. *United Services Automobile Association v. Muir,* 792 F.2d 356, 364 (3rd Cir.1986).

In *Burford,* the Court held that a federal court should have dismissed the complaint in a case involving proration orders in Texas oil fields on the ground that the issues involved a specialized aspect of a complex system of local law which should have been left to the local administrative bodies and courts. 319 U.S. at 332–34, 63 S.Ct. at 1106–1107.

In the case at bar, plaintiff argues that since Guaranty's liquidation proceedings are being conducted by order of the Superior Court of Puerto Rico, this Court should abstain under *Burford* from entertaining the claim. According to plaintiff, abstention would help prevent the possibility of conflicting decisions by federal and local courts regarding the application and scope of the Puerto Rico insurance code. It would also further Congress' "hands off" policy with respect to insurance, an area left to the states to regulate.

■ The Court does not agree with plaintiff. Contrary to the scenario in *Burford,* Puerto Rico's insurance law, although complex, is not administered by a *specialized* state tribunal having exclusive jurisdiction. Rather, the Superior Court of Puerto Rico has jurisdiction over receiverships upon insurance companies. Hence, *Burford* abstention is inappropriate in this instance.

Furthermore, plaintiff's claim is merely one for payment of a certificate of deposit, a type of matter routinely adjudicated by federal courts and not one regulated by the business of insurance. Therefore, Congress' "hands off" policy with respect to insurance regulation is not affected.

## II. *Federal Court Jurisdiction Over the FDIC*

■ The Financial Institution Reform, Recovery and Enforcement Act ("FIRREA") provides in pertinent part:

(2) Federal court jurisdiction

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.

12 U.S.C. § 1819(b). The statute indicates a strong congressional intent that the FDIC enjoy federal jurisdiction. *Matter of Meyerland Co.,* 910 F.2d 1257, 1261 (5th Cir.1990); *Pernie Bailey Drilling Co. v. FDIC,* 905 F.2d 78, 80 (5th Cir.1990). This intent is further supported by section 1819(b)(2)(C), which states that the FDIC may appeal any order of remand entered by any U.S. District Court.

The above cited cases and provisions of FIRREA strongly support the validity of the FDIC's removal of the present case to this Court. The FDIC's ability to litigate civil suits in federal courts is the very purpose behind Congress' enactment of section 1819, a purpose which is clearly met in the instant case. Hence, the present case is properly before the Court.

## III. *Conclusion*

In sum, the Court finds plaintiff's arguments to remand the present case to the Superior Court of Puerto Rico unpersuasive for two reasons: First, *Burford* abstention is inapplicable. Second, since the FDIC is a party, the Court has jurisdiction over the case.

WHEREFORE, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.