Revised July 22, 2002

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-30104**

_____


**PATRICIA HEATON,**

**Plaintiff-Appellee,**

**versus**

**MONOGRAM CREDIT CARD BANK OF GEORGIA,**

**Defendant,**

**versus**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

**Movant-Appellant.**

Appeal from the United States District Court
for the Eastern District of Louisiana

July 8, 2002

Before JONES, EMILIO M. GARZA and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Like an earlier appeal, <u>Heaton v. Monogram Credit Card Bank of Georgia</u>, 231 F.3d 994 (5th Cir. 2000), this appeal is from an order remanding this case to state court for lack of subject matter jurisdiction. The main issues in this appeal are (1) whether appellate jurisdiction exists to review the district court's refusal to allow the Federal Deposit Insurance Corporation

(FDIC) to intervene as of right in the action; (2) if so, whether the district court erred in denying intervention; (3) whether this court has jurisdiction to review the district court's remand order; and (4) if so, whether the district court erred in remanding. Because of the important role that the FDIC plays in enforcing federal banking laws, as evidenced by its broad jurisdictional statute, we answer all four of these questions in the affirmative and reverse the district court's orders denying the intervention motion as moot and remanding to state court.

BACKGROUND

Patricia Heaton brought a class action suit against Monogram Credit Card Bank of Georgia in Louisiana state court alleging violations of state usury laws. Monogram removed the case to federal district court on the ground that Heaton's claims under Louisiana law were completely preempted by section 27 of the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1831d. That provision authorizes federally insured "State banks" to charge certain interest rates and fees and preempts state laws to the contrary. 12 U.S.C. § 1831d(a); Heaton, 231 F.3d at 995-96. According to the FDIC, Monogram is "engaged in the business of receiving deposits" and is thus a "State bank" pursuant to § 1813(a)(2) of the same statute. If Heaton's claims were completely preempted, the district court had federal question jurisdiction over the claims and the case as pled. See, e.g., Hart

2

v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000); McClelland v. Gronwaldt, 155 F.3d 507, 512 & n.12, 516-17 (5th Cir. 1998); Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000).[1]

Heaton moved to remand, but her motion was initially denied. The case was assigned to another district judge. Heaton amended her complaint to add a claim under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f. Later, she sought reconsideration of the court's denial of her motion to remand (and moved to dismiss the TILA claim). The FDIC attempted to intervene in the case as a party defendant either as of right or permissively pursuant to Fed. R. Civ. P. 24(a) or (b). On the day the FDIC's motion was filed, the district court remanded for lack of jurisdiction and dismissed the TILA claim. Two days later, a magistrate judge denied the FDIC's intervention motion as moot.

Monogram appealed the remand order to this court, and the FDIC participated in the appeal as an amicus curiae. This court held that it lacked jurisdiction over Monogram's appeal of the remand order, but reinstated Heaton's TILA claim, holding that once the district court remanded the case, it lacked jurisdiction to dismiss the claim. Heaton, 231 F.3d at 1000 & n.6. This court

---

[1]    The provisions of § 1831d are quite similar to certain provisions of the National Bank Act, 12 U.S.C. §§ 85 and 86. The courts of appeals are divided as to whether §§ 85 and 86 completely preempt state-law usury claims against a national bank so as to confer federal subject-matter jurisdiction over such claims. Compare Anderson v. H & R Block, Inc., 287 F.3d 1038 (11th Cir. 2002), with Krispin, 218 F.3d at 922 (citing M. Nahas & Co. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991)).

3

acknowledged that because of its reinstatement of the TILA claim, "Monogram may file another petition for removal based on the TILA claim once this case is returned to state court." Id. at 1000 n.6.

Within a day of this court's decision, Monogram again removed the case to federal court, and the FDIC immediately filed a second motion to intervene. Unbeknownst to Monogram and the FDIC, however, Heaton had already obtained an ex parte state court order dismissing her TILA claim. Consequently, Heaton moved to remand; the district court complied, stating that it lacked jurisdiction. The court rejected Monogram's complete preemption argument for federal jurisdiction, concluding that Monogram was not "engaged in the business of receiving deposits" and thus was not a "State bank" within the meaning of § 1813(a)(2). In its order remanding the case, the court stated that it was dismissing as moot the FDIC's motion to intervene. The FDIC has appealed.

DISCUSSION

That the FDIC rather than Monogram has appealed makes all the difference on this second run-through. In the first instance, the effective denial of the FDIC's motion to intervene may be reviewed by this court notwithstanding the remand order according to City of Waco v. United States Fid. & Guar. Co., 293 U.S. 140, 55 S.Ct. 6 (1934). The district court erred in refusing to allow the FDIC to intervene as of right. And while a remand order based on lack of jurisdiction cannot normally be appealed from, 28 U.S.C. §

4

1447(d), the FDIC is granted a statutory exemption from that provision under the circumstances applicable here. 12 U.S.C. § 1819(b)(2)(C). Finally, the remand order was wrong because the FDIC was entitled to intervene in the case, conferring instant federal subject matter jurisdiction under the broad rubric of 12 U.S.C. § 1819(b)(2)(A) ("all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States").

**I.**

Under the City of Waco rule, "we may review any aspect of a judgment containing a remand order that is 'distinct and separable from the remand proper'" even if this court lacks jurisdiction to review the remand order. First Nat'l Bank v. Genina Marine Servs., Inc., 136 F.3d 391, 394 (5th Cir. 1998) (citation omitted). See Arnold v. State Farm Fire and Cas. Co., 277 F.3d 772, 776-77 (5th Cir. 2001). According to City of Waco, certain "separable" orders that (1) logically precede a remand order and (2) are conclusive, in the sense of being functionally unreviewable in state courts, can be reviewed on appeal even when the remand order cannot be. Arnold, 277 F.3d at 776. These orders must also be independently reviewable by means of devices such as the collateral order doctrine. Id. Because the district court's denial of the intervention motion satisfies these requirements, it is reviewable under City of Waco.

First, the denial of intervention preceded the district court's remand decision in logic and in fact. The remand decision was necessarily predicated on the court's refusal to consider the jurisdictional significance of the motion to intervene. This court's decision in FDIC v. Loyd, 955 F.2d 316 (5th Cir. 1992), had been cited to the district court to demonstrate that it had subject matter jurisdiction over Heaton's case under 12 U.S.C. § 1819(b)(2)(A) as soon as the FDIC filed its motion to intervene.[2] Moreover, during a hearing on the remand and intervention motions, the district court acknowledged that the two questions were conceptually intertwined;[3] the court also observed that Heaton's motion to remand would become moot if the court granted the FDIC's intervention motion first. The court went on to make clear that it

_____

[2]  See also Farina v. Mission Inv. Trust, 615 F.2d 1068, 1075 (5th Cir. 1980) (regardless of whether district court had (a) treated FDIC's motion to remove case to federal court as motion to intervene and granted it or (b) added FDIC on its own motion as party to case pursuant to Fed. R. Civ. P. 21, § 1819 conferred subject matter jurisdiction on court because FDIC "was properly a party to the suit at the time of final judgment").

[3]  As a general rule, "[a]n existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit or action by which a third person is permitted to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them." Kendrick v. Kendrick, 16 F.2d 744, 745 (5th Cir. 1926). It is a different matter, however, when the issue of the propriety of intervention is intertwined with that of subject matter jurisdiction. See Ceres Gulf v. Cooper, 957 F.2d 1199, 1202 n.7 (5th Cir. 1992) (electing to address intervention issue before subject matter jurisdiction in case where rights and role of intervenor were "inextricably tied" to jurisdiction).

6

did not favor the intervention motion on the merits.[4]  In these circumstances, the court's action effectively denied the motion to intervene in a way that preceded its decision on jurisdiction both in logic and in fact.[5]

Second, the denial of intervention was conclusive.  Our precedent holds that decisions on joinder of a party are "separable" -- and, therefore, conclusive -- for City for Waco purposes.[6]  A decision on the propriety of intervention is indistinguishable from a joinder decision for these purposes.

Finally, the denial of intervention was an appealable collateral order.  Edwards v. City of Houston, 78 F.3d 983, 992 (5th Cir. 1996) (en banc); Sierra Club v. City of San Antonio, 115 F.3d

---

[4]     Any such considerations cannot affect the FDIC's right, granted by Congress, to invoke the jurisdiction of federal courts.  A district court "has no discretionary authority to remand a case over which it has subject matter jurisdiction."  Buchner v. FDIC, 981 F.2d 816, 817 (5th Cir. 1993).  Cf. Bank One, N.A. v. Boyd, 288 F.3d 181, 184 (5th Cir. 2002) ("The federal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them.") (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976)).

[5]     See Americans United for Separation of Church and State v. City of Grand Rapids, 922 F.2d 303, 305-06 (6th Cir. 1990) (where district judge delayed hearing on motion for intervention until date by which prospective intervenor's interest would have disappeared, delay was practical equivalent to denial of motion); Toronto-Dominion Bank v. Cent. Nat'l Bank & Trust Co., 753 F.2d 66, 68 (8th Cir. 1985) ("failure to rule on a motion to intervene can be interpreted as an implicit denial").

[6]     Arnold, 277 F.3d at 776 (citing Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 489 (5th Cir. 2001)); Doleac, 264 F.3d at 485-86, 489 (where consideration of (a) whether to allow amendment adding a party and (b) whether to remand for lack of subject matter jurisdiction was "simultaneous and intertwined," binding precedent requires conclusion that issues are separable under City of Waco).

311, 313 (5th Cir. 1997). In sum, the denial is reviewable on appeal.

## II.

The district court erred on the merits in refusing to allow the FDIC to intervene. A district court's denial of a motion to intervene as a matter of right is reviewed <u>de</u> <u>novo</u>, except that the abuse of discretion test is applied to the court's ruling on timeliness of the prospective intervenor's application. <u>John Doe No. 1 v. Glickman</u>, 256 F.3d 371, 375 (5th Cir. 2001); <u>Sierra Club v. City of San Antonio</u>, 115 F.3d at 314; <u>Edwards</u>, 78 F.3d at 995, 999-1000. Although the district court issued no written findings on the propriety of the FDIC's intervention, it made oral statements that seem to bear on the timeliness issue. Assuming arguendo that this aspect of the court's decision is reviewed for abuse of discretion, we hold that the court abused its discretion.

Intervention as of right under Rule 24(a)(2) is based on "four requirements: (1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation." <u>United States v. Franklin Parish Sch. Bd.</u>, 47 F.3d 755, 756 (5th Cir. 1995). "Federal courts should allow intervention

8

where no one would be hurt and the greater justice could be attained." John Doe No. 1, 256 F.3d at 375 (citation omitted). In this case, the FDIC's application for intervention satisfies all four requirements of Rule 24(a)(2). Edwards, 78 F.3d at 999.[7]

1. Timeliness. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994). This court considers four factors in determining whether a motion to intervene was timely: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is timely. There are no

---

[7] When a district court has erred in denying a motion for intervention as a matter of right, we may reverse the denial without remanding for further proceedings in the district court concerning the propriety of intervention. John Doe No. 1, 256 F.3d at 381; Americans United for Separation of Church and State v. City of Grand Rapids, 922 F.2d 303, 305-06 (6th Cir. 1990). Compare Baker v. Wade, 769 F.2d 289, 291-92 (5th Cir. 1985) (en banc) (this court has power to allow intervention); Supreme Beef Processors, Inc. v. USDA, 275 F.3d 432, 437-38, 443 (5th Cir. 2001).

absolute measures of timeliness; it is determined from all the circumstances.  Id.; Edwards, 78 F.3d at 1000.

The first timeliness factor favors the FDIC.  The FDIC's second motion to intervene was filed two business days after this court's decision in the first appeal and one business day after Monogram removed the case to federal court.[8]  The FDIC did not act in an untimely fashion when it moved to intervene to protect its various interests.[9]

Heaton points out that the FDIC did not join in Monogram's appeal from the district court's first remand order. And rather than appeal from the district court's dismissal of its first intervention request as moot, the FDIC participated in the first appeal in this case only as an amicus curiae.  These facts do not preclude the FDIC from seeking intervention after the second

---

[8]    As for the FDIC's first motion to intervene, it was filed about six weeks after Heaton moved for reconsideration of the district court's initial denial of her motion to remand and two weeks after the district court heard argument on the motion, at which time the district court expressed a willingness to grant Heaton's reconsideration motion and remand.  The district court had initially denied Heaton's motion to remand and, in particular, had concluded that Monogram was a "State bank" under the FDIA, endorsing the FDIC's reading of the statute.  The FDIC reasonably could have believed until at least the filing of Heaton's reconsideration motion that the case was likely to remain in federal court; that the court was likely to continue to agree with its construction of the FDIA; and thus that intervention was not necessary.

[9]    Edwards, 78 F.3d at 1000-01 (lapses of as much as five months not unreasonable) (citing cases); Ozee v. Am. Council on Gift Annuities, Inc., 110 F.3d 1082, 1095-96 (5th Cir. 1997) (date when prospective intervenor became aware of "immediate danger to his interests" is relevant to timeliness determination), vacated on other grounds sub nom. Am. Bible Soc. v. Richie, 522 U.S. 1011, 118 S.Ct. 596 (1997), remanded to 143 F.3d 937, 941-42 & 941 n.7 (5th Cir. 1998) (reversing order denying attorney general's motion to intervene as of right and granting motion; citing original vacated opinion in so doing); Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1125-26 (5th Cir. 1970).

10

remand.  The district court had not claimed that it was deciding the merits of the FDIC's first motion to intervene; at the very least, the FDIC reasonably could have believed that there was no decision on this motion from which the FDIC could appeal and that for this reason it was not a party when the district court remanded the first time.  Cf. Sierra Club v. Espy, 18 F.3d at 1206 ("Courts should discourage premature intervention that wastes judicial resources.").  The FDIC took prompt action to intervene in the district court both before and after the first appeal.[10]  Its second intervention motion was not untimely.

As for the second factor, "prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation."  Sierra Club v. Espy, 18 F.3d at 1206.  In this case, Heaton has identified, and we are aware of, no prejudice to her that could have resulted from the insignificant delay by the FDIC in seeking intervention.  John Doe No. 1, 256 F.3d at 378; Ass'n of Prof'l Flight Attendants v. Gibbs, 804 F.2d 318, 321 (5th Cir. 1986).

The third timeliness factor also favors the FDIC.  To deny intervention would deprive the FDIC of the opportunity to exercise "the legal rights associated with formal intervention,

---

[10]    We note parenthetically that the FDIC sought to intervene in the case in state court after the second remand, but that its motion was denied.

namely the briefing of issues, presentation of evidence, and ability to appeal." Edwards, 78 F.3d at 1003 (quoting Sierra Club v. Espy, 18 F.3d at 1207). As a substantive matter, an adverse ruling in this litigation could significantly affect not only the validity of the FDIC's decision to extend deposit insurance to Monogram but its ability to regulate the federal deposit insurance system as a whole. It cannot be assumed that the existing parties to the litigation would protect the FDIC's and the public's interest as to these matters. Ozee, 110 F.3d at 1096.

As for the fourth and final timeliness factor, no unusual circumstances bearing on timeliness have been brought to our attention. Compare Sierra Club v. Espy, 18 F.3d at 1207. The district court abused its discretion in finding the FDIC's intervention untimely.

2. Interest of applicant. The FDIC's interests in this litigation are substantial. Of course, the FDIC has an interest in defending its decision to grant deposit insurance to Monogram, a decision drawn directly into question by Heaton's contention that Monogram is not a "State bank" for purposes of the FDIA.[11] But the

---

[11] As a statutory "State bank," Monogram is deemed eligible for deposit insurance and subject to the scheme of regulatory requirements that apply to such entities. See Howell E. Jackson, Regulation in a Multisectored Financial Services Industry: An Exploratory Essay, 77 Wash. U. L.Q. 319, 364-65 & 364 n.103 (1999) (under 12 U.S.C. § 1813, FDIC insurance, and attendant regulatory obligations, is potentially available to "depository institutions," including "State banks"); Meriden Trust and Safe Deposit Co. v. FDIC, 62 F.3d 449, 452-53 (2d Cir. 1995) (because financial institution was "State bank" under 12 U.S.C. § 1813(c)(2), it was "insured depository institution" subject to cross-guarantee liability under 12 U.S.C. § 1815(e)).

FDIC also has a broader interest in protecting the proper and consistent application of the Congressionally designed framework to ensure the safety and integrity of the federal deposit insurance system.  In this case, the FDIC has argued both that the district court's interpretation of 12 U.S.C. § 1831d is wrong on the merits and that the district court lacked the power even to apply this provision by deciding whether a particular financial institution is a "State bank" under § 1831d.  Taken together, these interests more than suffice to meet the requirement of Rule 24.  See Sierra Club v. City of San Antonio, 115 F.3d at 315 (intervention as of right granted to state of Texas to protect state's interests in environmental lawsuit); see also Ceres Gulf, supra fn3 (allowing intervention as of right to Director, OWCP, to protect administrative scheme).[12]

3.  Whether disposition of the action might impair or impede applicant's ability to protect its interest.  "[T]he stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention."  Sierra Club v. Glickman, 82 F.3d 106, 109-10 (5th Cir. 1996) (per curiam) (citing Sierra Club v. Espy, 18 F.3d at 1207).  The district court's ruling interpreting the FDIA for purposes of its removal jurisdiction will

---

[12]    FDIC appealed only the denial of intervention as of right, Fed. R. Civ. P. 24(a).  Based on this court's above-cited caselaw, we need not address the application of permissive intervention, Rule 24(b).

undoubtedly, unless changed, be relied upon as a precedent in future actions involving the FDIC. Glickman, 82 F.3d at 110.

4. <u>Whether existing parties adequately protect applicant's interest.</u> The district court thought, incorrectly, that intervention was unnecessary because the FDIC and Monogram agreed on the merits of the substantive issues to be litigated. An applicant for intervention, however, has only a minimal burden as to inadequate representation. All he needs to show is that representation by the existing parties may be inadequate. Edwards, 78 F.3d at 1005; Supreme Beef Processors, Inc. v. USDA, 275 F.3d 432, 437-38 (5th Cir. 2001). Government agencies such as the FDIC must represent the public interest, not just the economic interests of one industry. That the FDIC's interests and Monogram's may diverge in the future, even though, at this moment, they appear to share common ground, is enough to meet the FDIC's burden on this issue.[13]

The FDIC was, for all these reasons, clearly entitled to intervene here.

## III.

Because the FDIC was entitled to intervene, it is entitled to appeal the remand order in this case under 12 U.S.C.

---

[13] See Sierra Club v. City of San Antonio, 115 F.3d at 315 ("axiomatic" that interests of persons pumping water from aquifer, including local cities and government entities, would diverge from those of various state agencies and of state qua state and as parens patriae); Ozee, 110 F.3d at 1096.

14

§ 1819(b)(2)(C), which provides that the FDIC "may appeal any order of remand entered by any United States district court." This provision creates an exception to 28 U.S.C. § 1447(d)'s bar on appellate review of remand orders. <u>Diaz v. McAllen State Bank</u>, 975 F.2d 1145, 1147 (5th Cir. 1992). In cases where the FDIC has become a party, we have already heard appeals under § 1819(b)(2)(C) where the district court remanded for lack of subject matter jurisdiction on the ground that the FDIC had not articulated a convincing interest in the litigation or was not properly a party before the district court. See <u>NCNB Tex. Nat'l Bank v. Fennell</u>, 942 F.2d 934, 935-36 & 935 n.2 (5th Cir. 1991) (reversing remand order, holding that the FDIC was a party properly before district court); <u>Pernie Bailey Drilling Co. v. FDIC</u>, 905 F.2d 78, 79-80 (5th Cir. 1990) (per curiam) (same). Likewise, this court has jurisdiction to review the remand order.[14]

---

[14] It is unnecessary to decide to what extent the "expansive language" of § 1819(b)(2)(C), <u>Hellon & Assocs., Inc. v. Phoenix Resort Corp.</u>, 958 F.2d 295, 298 (9th Cir. 1992) (construing identical "any order of remand" language in statute securing broad removal rights to Resolution Trust Corporation (RTC)), may allow the FDIC to appeal remand orders in cases to which it has no party status and is not entitled to party status. Compare <u>In re Resolution Trust Corp.</u>, 888 F.2d 57, 59 (8th Cir. 1989) (in provision allowing appeal by RTC of remand orders, "[o]bviously 'any' cannot extend to orders remanding cases removed by wholly unrelated parties"), <u>dismissed as moot on reh'g on other grounds</u> <u>sub nom.</u> <u>Ward v. Resolution Trust Corp.</u>, 901 F.2d 694 (8th Cir. 1990) (per curiam).

**IV.**

Finally, the district court erred in ordering remand for lack of subject matter jurisdiction.  12 U.S.C. § 1819(b)(2)(A) provides that, with exceptions not relevant to this case, "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."  "The statute indicates that where the FDIC is a party, federal question jurisdiction exists, except with respect to certain state law claims where the FDIC was appointed receiver by the exclusive appointment of state authorities."  <u>Pernie Bailey Drilling Co.</u>, 905 F.2d at 80.  As the district court acknowledged, allowing the FDIC to intervene in this case would have mooted Heaton's motion to remand.  Because the FDIC is entitled to intervene in this case, it is a party for the purposes of § 1819(b)(2)(A), which conferred instant subject matter jurisdiction over the case.

Under <u>FDIC v. Loyd</u>, 955 F.2d 316 (5th Cir. 1992), the FDIC became a "party," for purposes of § 1819(b)(2)(A), as soon as it filed its motion to intervene.  In <u>Loyd</u>, the only basis for federal jurisdiction was the FDIC's status as a party for purposes of § 1819(b)(2)(A); and this court held that the FDIC initially attained such status when it filed its motion to intervene in state court.  955 F.2d at 327, 329.  <u>Loyd</u> and other decisions allowing the FDIC more latitude than other litigants require some connection

16

between the FDIC and the underlying action in order for the FDIC to have party status for the purpose of removing a case.[15]  Although Loyd, technically, interpreted "party" in § 1819(b)(2)(A) for purposes of gauging the timeliness of FDIC's subsequent removal of a case from state to federal court, it wold seem that Loyd's definition of "party" -- applying that status whenever FDIC moves to intervene -- should also apply to FDIC's motion to intervene in federal court.  This uniform interpretation comports with the broad jurisdictional grant in § 1819(b)(2)(A).

It might be argued that Loyd is distinguishable because the FDIC's stake in this litigation differs significantly from its stake in Loyd.  Here the FDIC does not seek to participate in its capacity as receiver or insurer of a failed bank.  Instead, it seeks to intervene to protect its more general interest in ensuring the correct interpretation of a statute that implicates the stability and consistency of the FDIC's regime of bank regulation.  This, however, is the ultimate interest intended to be furthered by the broad grant of jurisdiction, removal rights, and appeal rights in § 1819(b)(2).  But that is not all.  The FDIC's role as insurer

---

[15]  "[W]e have never suggested that the FDIC has some cognizable status as a party in the state court case unless the FDIC has had at least some contact with the state court action.  Or, stated another way, we have never suggested that the FDIC was a cognizable [28 U.S.C.] § 1446 party in the state court case in the absence of some appearance by the FDIC in that proceeding." Id. at 326-27 (footnote omitted).  See id. at 328 ("some party-status of the removing party is critical").  Compare Bank One Texas Nat'l Ass'n v. Morrison, 26 F.3d 544, 547 (5th Cir. 1994) (per curiam) (stating concern that "federal jurisdiction should not be manipulated by the FDIC's simple intervention in a given case").

of bank deposits is immediately relevant to the FDIC's stake in this litigation. If it proves correct that Monogram is not a "State bank" within the meaning of 12 U.S.C. § 1831d (a question we do not decide in this appeal), then the validity of the FDIC's extension of deposit insurance to certain deposits at Monogram is called into question. The possible effect on the FDIC's obligations and rights as insurer of these deposits, coupled with the effects on the FDIC's regulatory interests, reassure us that as in Loyd, the FDIC's attempt to intervene conferred on it sufficient "party" status to bring this case within the federal court's jurisdiction under § 1819(b)(2)(A).

## V.

The FDIC seeks rulings on the amenability to judicial review of its decision that Monogram was "engaged in the business of receiving deposits" within the meaning of the FDIA, and, alternatively, on the merits of this regulatory decision. We need not resolve these questions in order to grant the FDIC the relief that it has requested in this appeal. Instead, we hold that the district court erred in refusing to allow the FDIC to intervene in the case and in holding that it lacked jurisdiction. On remand, the district court must allow the FDIC to intervene. See Sierra Club v. City of San Antonio, 115 F.3d at 315.

18

For these reasons, the denial of intervention and the remand order are **REVERSED** and the case is **REMANDED** for proceedings consistent with this opinion.

**REVERSED** and **REMANDED.**