**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40198
Summary Calendar
_____

ROGER BROWN,

                                        Plaintiff-Appellant,

versus

TRINITY INDUSTRIAL,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-302
- - - - - - - - - -

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Roger Brown, a Texas prisoner (# 1093517), filed this
pro se, in forma pauperis ("IFP") complaint against Trinity
Industrial, for whom he allegedly was an employee in 1980 and
1981.  He urged the district court to help him obtain an award in
a Title VII employment-discrimination class action that had
allegedly been settled in 1994.  The district court construed
Brown's complaint as a 42 U.S.C. § 1983 civil-rights action and
dismissed it as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i),
adopting the recommendation of the magistrate judge.  The
magistrate judge had reviewed court orders and materials from the

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

class action, Shipes v. Trinity Industries, No. 6:80-CV-462 (E.D. Tex.), and determined that there was no indication that Brown was a member of the plaintiff class. In dismissing Brown's complaint, the district court observed that Brown had provided no documentation to verify that he had been a Trinity employee.

A district court shall dismiss an IFP complaint at any time that the court determines that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This court reviews a dismissal as frivolous for abuse of discretion. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

The magistrate judge and district court construed Brown's complaint as a civil rights action, and Brown has deferred to this interpretation. Brown's lawsuit does not fall under 42 U.S.C. § 1983, however, because his complaint named a private company or corporation as defendant and alleged no violation of a constitutional or federal right. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002).

Brown's lawsuit is essentially a belated effort to intervene as a putative class member in the Shipes class action, which was filed in 1980, settled in January 1992, and closed in February 2002. See FED. R. CIV. P. 24(a). He has asserted that his incarceration between October 1992 and 2000 prevented him from learning about the settlement. The timeliness of a motion to intervene is "to be determined from all the circumstances," and the denial of such a motion is reviewed for abuse of discretion.

National Ass'n for the Advancement of Colored People v. New York, 413 U.S. 345, 366 (1973).  This court considers four factors in determining whether a motion to intervene was timely, including "the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene."  Heaton v. Monogram Credit Card Bank of Ga., 297 F.3d 416, 422-23 (5th Cir. 2002).  "There are no absolute measures of timeliness; it is determined from all the circumstances."  Id. at 423.

Brown's allegations reflect that he was working at Trinity at the time the Shipes lawsuit was filed and that he was not incarcerated at the time it was settled.  Brown's May 2003 complaint sought relief for an alleged wrong that occurred almost a quarter-century earlier.  He effectively seeks to intervene in a class action that was settled more than a decade ago and has since been closed.  Such a motion to intervene would be untimely, and the dismissal of Brown's complaint was not an abuse of discretion.  Brown's appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous.  5TH CIR. R. 42.3.  The dismissal of Brown's complaint and appeal in this matter each count as a "strike" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Brown is hereby is warned that if she accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED.