**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50368
Summary Calendar

_____

In the Matter of: CPWH RESIDENTIAL LTD,

Debtor,

CPWH RESIDENTIAL LTD; HUBER CONTRACTING LTD;
UNITED STATES FIRE INSURANCE COMPANY; EDWARD P. POTTER COMPANY;
MANGOLD ROOFING & SHEET METAL INC.;
POTTER AIR CONDITIONING COMPANY INC.;
WTH CORPORATION, doing business as Direct-Flo Heating and Air,

Appellees,

versus

UNION PLANTERS BANK, NA,

Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, San Antonio
District Court Cause Nos. SA-03-CV-1046,
SA-03-CV-1047 & SA-03-CV-1195

_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

In this appeal, Appellant Union Planters Bank (UPB)

challenges the denial of its motion to intervene as a matter of

right.  After considering UPB's appeal, this court affirms the

_____

[1]Pursuant to 5TH CIRCUIT RULE 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

district court's order.

The facts relevant to this appeal are as follows. Under the terms of a lending agreement, UPB obtained a security interest in the real property for a construction project under development by Appellee CPWH Residential, Ltd. (CPWH). CPWH eventually became the subject of a bankruptcy proceeding. Nineteen months after the bankruptcy case began, UPB sought to intervene in an adversary proceeding filed by special counsel for CPWH's creditors to recover CPWH's alleged damages from some of the contractors working on the construction project. The district court determined that UPB did not meet the requirements for intervening as a matter of right and denied the motion. In particular, the district court determined that UPB's motion was untimely.

An order denying a motion to intervene as a matter of right is an appealable final order[2] which this court generally reviews de novo.[3] The court, however, reviews the district court's ruling on the timeliness of the motion for an abuse of discretion so long as the district court specifies why the motion was

---

[2]*See Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996).

[3]*See Trans Chem. Ltd. v. China Nat'l Mach. Imp. and Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003); *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002).

untimely.[4]  Because the district court here specified a reason

for its untimeliness determination, this court reviews the

district court's ruling for an abuse of discretion.

An applicant may intervene in a lawsuit as a matter of right

"when the applicant claims an interest relating to the property

or transaction which is the subject of the action and . . .

disposition of the action may as a practical matter impair or

impede the applicant's ability to protect that interest, unless

the applicant's interest is adequately represented by existing

parties."[5]  A party seeking to intervene as of right must satisfy

four requirements:

> (1) [t]he application must be  timely; (2) the
> applicant must have an interest relating to the
> property or transaction that is the subject of the
> action; (3) the applicant must be so situated that the
> disposition of the action may, as a practical matter,
> impair or impede its ability to protect its interest;
> and (4) the applicant's interest must be inadequately
> represented by the existing parties to the suit.[6]

"If a party seeking to intervene fails to meet any one of those

requirements, it cannot intervene as a matter of right."[7]

When determining whether a motion to intervene is timely, a

---

[4]*See Heaton*, 297 F.3d at 422; *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001).  If the district court fails to specify a reason, the court of appeals reviews the timeliness ruling de novo.  *See Glickman*, 256 F.3d at 376.

[5]FED. R. CIV. P. 24(a).

[6]*Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994).

[7]*Sierra Club*, 18 F.3d at 1205.

3

court must consider the following four factors:

> (1) how long the potential intervener knew or reasonably should have known of her stake in the case into which she seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any, the potential intervener may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.[8]

After applying these factors to this appeal, it is evident that the district court did not abuse its discretion.

The district court's order denying UPB's motion to intervene clearly demonstrates that the district court considered each of the applicable factors for determining whether a motion to intervene is timely. In the order, the district court stated,

> UPB's motion is not timely. In the unique circumstances of this bankruptcy case, this Motion should have been filed sooner. It was filed after approval of special litigation counsel for this matter. UPB filed no objection nor asked to be included. It was filed after appointment of a Trustee. This Court will not place additional burdens on a bankrupt [sic] estate at this stage in the litigation.

Thus, the order indicates that: (1) UPB knew about its purported interest in the underlying lawsuit well before it sought to intervene, (2) the district court considered the prejudicial effect that intervention would have on the existing parties to the lawsuit, (3) the district court considered the role of the bankruptcy Trustee in alleviating any prejudice UPB might incur,

---

[8]*Glickman*, 256 F.3d at 376.

4

and (4) the district court was concerned that intervention would place additional burdens on the bankruptcy estate.

The record supports the district court's determinations. The record indicates that UPB knew or should have known about its purported interest in CPWH's causes of action as early as November 14, 2002—the date on which UPB filed its proof of claim in the bankruptcy proceeding. If not then, UPB knew or should have known that CPWH was alleging causes of action as early as April 16, 2003—the day when CPWH filed its initial complaint against certain construction defendants in the bankruptcy proceeding. Although UPB should have known about its purported stake in the case by April 16, 2003, UPB did not seek to intervene until February 20, 2004. By that time, the parties to the lawsuit had undoubtedly developed their trial strategy. UPB's intervention at that point would have prejudiced the existing parties because it would have required them to inject UPB into established trial strategy and delayed the litigation. But even though intervention would prejudice existing parties, there is no indication that UPB would be prejudiced if it was not permitted to intervene because the bankruptcy Trustee and the bankruptcy court are charged with protecting creditors' interests. Under these circumstances, the district court did not abuse its discretion by determining that UPB's motion was untimely.

Because the motion was untimely, UPB failed to satisfy each

of the requirements for intervening as a matter of right.[9]  As a result, the district court did not err by denying UPB's motion to intervene.  Consequently, the court AFFIRMS the district court's order.  Having reached this determination, the court need not reach UPB's other arguments.

AFFIRMED.

---

[9]*Sierra Club*, 18 F.3d at 1205.