# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10877
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2019

Lyle W. Cayce
Clerk

PAUL EUGENE LAWSON,

Plaintiff-Appellant

RANDALL SCOTT JORDAN,

Appellant

v.

WILLIAM STEPHENS, Director, TDCJ-CID; UNKNOWN, Custodian of Offender Records; VICKIE BARROWS, Director of Access to Courts; DIRECTORS REVIEW COMMITTEE, Coordinator/Supervisor, individually and in their official capacities; MAILROOM SYSTEM COORDINATOR'S PANEL, Director, individually and in their official capacities; MAJOR RICHARD WATHEN, Warden at the JV Allred Unit; CHRISTOPHER BRANTLY, Investigating Officer for the Allred Unit Safe Prison Program; CINDY CIGSBEE, Clerk/Technician of the Access to Courts Office; JAMES P. ANDERS, Assistant Warden at the James V Allred Unit; CHARLES R. HORSLEY, Assistant Warden at the James V Allred Unit; LISA S. JAMES, Sergeant of Safe Prisons Program at the Allred Unit; J. WILLIS, Officer for the Allred Unit Safe Prisons Program; MALCOM WISE, Officer for the Allred Unit Safe Prisons Program,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-173

No. 18-10877

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Paul Eugene Lawson, Texas prisoner # 00675063, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his civil rights action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). His complaint alleged primarily that the defendants wrongfully seized his legal materials and thus denied him access to the courts. He also alleged that the defendants retaliated against him and filed false disciplinary charges against him.

Lawson's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His motion "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore [is] not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Here, Lawson asserts only that he is indigent, and he repeats some of the allegations of his complaint without addressing the district court's reasons for dismissing the action or certifying that the appeal is not in good faith. He has failed to show that his appeal involves legal points of arguable merit and that it is therefore not frivolous. *See Howard*, 707 F.2d at 220. His IFP motion is DENIED, his appeal is DISMISSED AS FRIVOLOUS, and his other pending motion is DENIED. *See Baugh*, 117 F.3d at 202 & n.24.

The district court's dismissal of Lawson's complaint for failure to state a claim and this court's dismissal of his appeal as frivolous both count as strikes

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10877

for purposes of § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Lawson is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious bodily injury.  *See* § 1915(g).

Randall Scott Jordan, Texas prisoner # 01672271, filed a notice of appeal and appears as a plaintiff-appellant in this court's caption.  However, Jordan's last-minute motion to intervene in the district court was never ruled on by the district court, and that court never mentioned Jordan in its order or judgment. We conclude that Jordan was never a made a party to the action.  *See Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 421 n.5 (5th Cir. 2002) (citing *Toronto-Dominion Bank v. Cent. Nat. Bank & Tr. Co.*, 753 F.2d 66, 68 & n.5 (8th Cir. 1985) for the proposition that "failure to rule on a motion to intervene can be interpreted as an implicit denial").  "It is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit."  *Edwards v. City of Houston*, 78 F.3d 983, 993 (5th Cir. 1996); *see Karcher v. May*, 484 U.S. 72, 77 (1987). Jordan's appeal is DISMISSED FOR LACK OF JURISDICTION.  *See Farber v. Crestwood Midstream Partners L.P.*, 863 F.3d 410, 416-17 (5th Cir. 2017); *Edwards*, 78 F.3d at 993.